## No. 12,333.

### SUCCESSION OF JAMES TELLER.

The usufruct of the surviving spouse of the share of the deceased spouse in the community property is not affected by the fact that there is an adopted child of the spouses, surviving the deceased. C. C., Arts. 915, 916; R. S., Sec. —.

APPEAL from the Twentieth Judicial District Court for the Parish of Ascension. *Guion, J.*

*E. N. Pugh* for Executrix, Plaintiff, Appellee.

*Paul Leche*, Special Tutor, Defendant, Appellant.

Argued and submitted January 6, 1897.
Opinion handed down January 18, 1897.

The opinion of the court was delivered by
MILLER, J. The appellant, the tutor of the adopted child of the late James Teller, takes this appeal from the judgment recognizing

his widow as the usufructuary of the community property not disposed of by his last will.

The question raised by the appeal is whether the child by adoption is exempted from the operation of the Arts. 915 and 916 of our Code embodying the Act of 1844, which confers on the surviving spouse the usufruct of the community property which the deceased has not disposed of by his will. The spirit and text of the law is against the pretensions of the tutor. The purpose was unless the deceased spouse disposed of his share of the community, to preserve intact the community property to be enjoyed by the surviving spouse during his or her natural life or widowhood, when there were children of the marriage. Revised Statutes, Secs. 627, 628, and the articles of the Code cited. There was no design to interfere in the least degree with this community usufruct when the Legislature, first in 1865, and by subsequent enactments, authorized adoption abolished by the Code, as it then stood. Act No. 48 of 1865 and No. 64 of 1868; R. S. 2323-2328. The effect of this legislation conferring on the adopted child the rights of the child of the marriage, has been announced in the decisions of this court. Vidal vs. Commagere, 13 An. 516; in the matter of the Tutorship of Ellen Wilson Upton, 16 An. 176; Carroll Hoy & Co. vs. Davidson, 23 An. 431; Succession of Hosser, 37 An. 840; Succession of Unforsake, 48 An. 548. If the legislation places the adopted child in the position of a child of the marriage with respect to the right of inheritance, it would certainly seem that the child by adoption became subject also to the limitation on the right of inheritance of community property imposed by the Code upon children of the marriage. The child of the marriage inherits the share in the community of his deceased parent subject to the usufructuary right of the surviving parent. If the law confers on the adopted child the right of the child of the marriage, the adopted child inherits community property under precisely the same limitation that attaches to the child of the marriage. Again, the Code establishes this usufruct when there are no children of the marriage, and there is also the usufruct established with qualification when there are children. If the adopted child is to be excluded from the category of children, the usufruct exists under Art. 915; if deemed a child the usufruct subsists under Art. 916 of the Code.

Affirmed.