(87 South. 251)

No. 23076.

## Succession of DICKSON.

(Jan. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Bastards** ⊙⇒101—**Ex parte judgment placing illegitimate daughter in possession of estate held error.**

An ex parte judgment placing an illegitimate daughter of decedent in possession of the estate, without proof that she had been either legitimated or duly acknowledged by decedent as her father, *held* error, in view of Civ. Code, Arts. 927, 928.

2. **Appeal and error** ⊙⇒151(2) — **Legitimate heirs held "parties aggrieved" by judgment placing illegitimate child in possession of estate.**

Legitimate brothers and sisters and nephews and nieces of deceased *held* entitled to appeal, as "parties aggrieved," under Code Prac. Art. 571, from an ex parte judgment placing the illegitimate daughter of deceased in possession of his estate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Aggrieved Party.]

Appeal from Second Judicial District Court, Parish of Bossier; John N. Sandlin, Judge.

In the matter of the Succession of Henry Dickson, deceased. From an ex parte judgment placing Maria Dickson Mayfield in the possession of the estate, certain heirs appeal. Judgment annulled, without prejudice.

Herndon & Herndon, of Shreveport, for appellants.

Clem V. Ratcliff, of Shreveport, for appellee.

O'NIELL, J. Henry Dickson died intestate on the 18th of December, 1917, leaving an estate consisting of both real and personal property worth about $4,500. Maria Dickson Mayfield, alleging that she was the daughter and only heir at law of Henry Dickson, obtained an ex parte order or judgment placing her in possession of the estate. She did not allege or prove that she was the legitimate daughter of the deceased, or that she was legitimated or even that she was the acknowledged daughter of the deceased. The evidence on which the judgment was rendered was merely an ex parte affidavit of two men, averring that they had been well acquainted with the deceased, Henry Dickson, that Maria Dickson Mayfield was his daughter and only surviving heir, and that the estate was worth less than $5,000. Before rendering the judgment, the district court ordered that an inventory of the estate should be made, but did not appoint a curator or an attorney to represent absent heirs. The only parties to the making of the inventory, or parties present when the inventory was made, were the appraisers, the notary public, and two disinterested witnesses.

This appeal is from the ex parte judgment placing Maria Dickson Mayfield in possession of the estate. The order of appeal was granted upon the petition and affidavit that appellants were the legitimate brothers and sisters and nephews and nieces of the deceased, Henry Dickson, and were his sole heirs at law; that one of them was a resident of the state of Oklahoma, another a resident of the state of Texas, and the others residents of the parish of Bossier, La., where Henry Dickson had his domicile and died; and that appellants were aggrieved by the judgment rendered without notice to them and without the appointment of a curator or an attorney to represent their interest.

[1] In the brief filed by counsel for appellee, Maria Dickson Mayfield, it is admitted that she is an illegitimate daughter of Henry Dickson, having been born several months before the marriage of her father and mother. It is said, in the brief, that she was reared and educated by her parents, as their child, and was generally known to be their child. It is not disputed that there is neither alle-

gation nor proof in the record that Maria Dickson Mayfield was either legitimated or duly acknowledged to be the daughter of Henry Dickson. Without such proof, she was not entitled to a judgment recognizing her as the heir of Henry Dickson, or sending her into possession of his estate. If she had proven that she was the acknowledged or natural child of the deceased, she would have been entitled to be sent into possession of his estate, under article 927 of the Civil Code, after having an inventory made in the presence of a person appointed by the judge to defend the interests of absent heirs of the deceased, and upon her giving bond as required by article 928 of the Civil Code.

Pretermitting the question whether the failure of the judge to appoint an attorney or a curator to represent absent heirs, or his failure to require bond and ·security, would be a sufficient cause for setting aside the judgment appealed from, we are of the opinion that the judgment should be set aside for want of proof that appellee was either legitimated or duly acknowledged by her father.

[2] Although appellee did not file a motion to dismiss the appeal, it is suggested in her attorney's brief that the appeal ought to be dismissed. No reason is suggested for dismissing the appeal. By article 571 of the Code of Practice, the right of appeal is given, not only to the parties to the proceedings in which the judgment was rendered, but also to third parties, upon their alleging and making a prima facie showing that they are aggrieved by the judgment. See Lillie G. Taylor v. Angeline Allen (No. ———) 149 La. ——, 88 South. ——. The record does not contain any contradiction of the allegation and affidavit of appellants that they are the legitimate brothers and sisters and nephews and nieces of the deceased. It is not suggested that the case should be remanded for proof of that allegation. For the purpose of this appeal, we accept the allegation as true. If it be not true, Maria Dickson Mayfield will not be prejudiced by our decree in this case.

The judgment appealed from is annulled, without prejudice to the right of appellee, Maria Dickson Mayfield, to claim the estate of the deceased, Henry Dickson, upon proof that she is either the legitimated or the duly acknowledged daughter of the deceased. All costs of this proceeding are to be paid by appellee, Maria Dickson Mayfield.