"Household and kitchen furniture, appraised at $40.00."

It is further ordered that James M. Beckham be recognized as heir and universal legatee of the decedent, and owner in full ownership of all the property inventoried in said succession, and described herein, and that he be sent into possession of the same. It is further ordered that the rights of the other heirs of the testatrix be expressly reserved to participate in the ownership and division of any other effects, if any, belonging to the succession of decedent, which may be discovered hereafter.

O'NIELL, C. J., dissents.

———

(104 So. 315)

No. 25182.

**VAN DICKSON et al. v. MAYFIELD.**

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

**Bastards ⬤═12—Illegitimate child held not legitimated so as to inherit from the father.**

Illegitimate child of parents, who subsequent to her birth married, *held* not legitimated under Rev. Civ. Code, arts. 198–200, so as to inherit from her father under article 919;

article 918 being inapplicable where it did not appear that prior to marriage of child's parents they acknowledged her as their child, either by an act passed before a notary and two witnesses or in any marriage contract, or that father before or after marriage legitimated child as provided by article 200.

Appeal from Second Judicial District Court, Parish of Bossier; Robert Roberts, Jr., Judge.

Suit by Van Dickson and others against Maria Dickson Mayfield. Decree for defendant, and plaintiffs appeal. Annulled and set aside with directions.

Herndon & Herndon, of Shreveport, for appellants.

Clem V. Ratcliff, of Shreveport, for appellee.

OVERTON, J. Plaintiffs allege that Henry Dickson died without leaving a descendant, ascendant, or wife; that they, plaintiffs, are his heirs, and as such are entitled to all of the property left by Dickson at his death. They also allege that, notwithstanding they are the heirs of Dickson, Maria Dickson Mayfield, the defendant herein, has caused herself to be sent into possession of the estate of the deceased illegally, and they sue for the recovery of that estate, and for the issuance of an injunction, prohibiting her from disposing of the property thereof pending this litigation.

Defendant filed an answer, in which she denies that plaintiffs are the heirs of the deceased, and in which she avers that while she was born out of wedlock, still that her father, the deceased, and her mother, Belle King, were married a few months after her birth, and that both of them legally acknowledged and legitimated her. She, therefore, avers that she is the heir of the deceased, and as such, is entitled to his estate.

The facts of the case are as follows: Ceasar and Julia Dickson were married by a minister of the Gospel during slavery times.

They continued to live together as man and wife after the Civil War and until their marriage was dissolved some years later by the death of Ceasar Dickson, and were recognized, in the neighborhood in which they lived, as man and wife. Julia survived her husband a few years. Henry Dickson, the deceased, and some of the plaintiffs herein, are of the issue of that marriage. The remaining plaintiffs are the children of deceased daughters of Ceasar and Julia Dickson.

As to defendant, she was born out of wedlock. Her father was Henry Dickson and her mother was Belle King. At the time of defendant's conception her mother and father might have married one another, and eight months after her birth they did marry. Henry Dickson treated and provided for defendant as his child, spoke of her as such, and gave her some education, though not very much. After defendant married, Dickson continued to help her from time to time, and when he died, defendant petitioned the district court to send her into possession of his estate, as his sole and only heir. The district court rendered judgment accordingly, and plaintiffs, who were not parties to the proceeding, appeared and appealed from the judgment rendered. On appeal, the judgment was annulled, without prejudice to the right of defendant herein to establish her claim to the estate. See Succession of Dickson, 148 La. 501, 87 So. 251.

### Opinion.

An illegitimate child, capable of being acknowledged and who has been duly acknowledged by the mother, is called to her succession, if she dies intestate, to the exclusion of every one, except her lawful children or descendants. Civil Code, art. 918. However, a natural child, who has been duly acknowledged, by his natural father, is called to his succession to the exclusion only of the state. Civil Code, art. 919.

As defendant is not claiming from her mother, it is, therefore, not important whether her mother has duly acknowledged her or not. Nor is it important to the issue herein whether the father, from whom she is claiming, acknowledged her, for since her father, at his death, left the plaintiffs herein, who are his lawful kin, and since the lawful kin of a person deceased are called to his succession to the exclusion of his illegitimate child, who has been duly acknowledged by him, plaintiffs, notwithstanding any such acknowledgment, would be called to the succession of Dickson to the exclusion of defendant. However, it will be otherwise if it appears that defendant was legitimated. The question, therefore, is: Was she legitimated? Article 198 of the Civil Code provides that:

"Children born out of marriage, except those who are born from an incestuous or adulterous connection, may be legitimated by the subsequent marriage of their father and mother, whenever the latter have legally acknowledged them for their children, either before their marriage by an act passed before a notary and two witnesses, or by their contract of marriage itself."

Article 199 of the Civil Code gives to children legitimated by a subsequent marriage all of the rights of children born during marriage, for it provides that:

"Children legitimated by a subsequent marriage have the same rights as if they are born during marriage."

Article 200 of the Civil Code also provides for the legitimation of natural children, but under somewhat different conditions from those required by article 198, for article 200 does not require that a natural father and mother marry in order to perfect the legitimation, as does article 198, but permits either the natural father or mother to legitimate his or her natural children, without reference to, and without requiring, the subsequent marriage of the father and mother, by

pursuing a prescribed course, though it does not permit the legitimation to take place where the natural father or mother, legitimating the children, has lawful descendants or ascendants, whereas, article 198 makes no exception, as to descendants or ascendants. The article, that is to say, article 200, reads as follows:

"A natural father or mother shall have the power to legitimate his or her natural children by an act passed before a notary and two witnesses declaring that it is the intention of the parent making the declaration to legitimate such child or children. But only those natural children can be legitimated who are the offspring of parents who, at the time of conception, could have contracted marriage. Nor can a parent legitimate his or her natural offspring in the manner prescribed in this article, when there exists on the part of such parents legitimate ascendants or descendants."

In the Succession of Serres, 136 La. 531, 67 So. 356, it was said on the first hearing that:

"Under the first of these articles [article 198] the acknowledgment must have been made 'either before their marriage by an act passed before a notary and two witnesses, or by the contract of marriage itself.' * * *

"Under the second of these articles [article 200] the acknowledgment must have been made by a notarial act in which the father [the child was claiming from the father] has declared that it is his intention to legitimate the child."

The foregoing was said on the first hearing of that case. On the rehearing, the views expressed relative to article 198, on the first hearing, were adhered to, virtually, in so many words, and we assume that there was no intention to depart from the views expressed on the first hearing, relative to article 200.

In this case, there is not the slightest trace of evidence tending to show that, prior to the marriage of defendant's father and mother, they acknowledged her as their child, either by an act passed before a notary and two witnesses or in any marriage contract, and hence their marriage did not have the effect of legitimating her. Moreover, there is no evidence showing or tending to show that Henry Dickson before or after marriage legitimated defendant by an act passed before a notary and two witnesses, as provided by article 200 of the Civil Code. Hence, we are constrained to hold that plaintiffs have shown a better right to the succession than defendant.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled and set aside; that plaintiffs be recognized as the heirs of Henry Dickson, and as such, that they be decreed entitled to his estate; that defendant render an accounting to them of the same; that the writ of injunction which issued herein be perpetuated; and that plaintiffs be placed in possession of said estate, upon complying with the laws relative to inheritance taxes. It is further ordered that defendant pay the costs of both courts.

O'NIELL, C. J., concurs in the decree.