No. 2824

Second Circuit

DIXON ET AL. v. THE COMMERCIAL NATIONAL BANK

(April 10, 1930. Opinion and Decree.)

Herndon & Herndon, of Shreveport, attorneys for plaintiffs, appellants.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellee.

ODOM, J. Plaintiffs are the sole heirs of Henry Dixon, deceased, and prosecute the present suit against the Commercial National Bank of Shreveport to recover the sum of $1,876.16, which the said Henry Dixon had on deposit to his credit in the bank when he died in December, 1917. Their demands were rejected by the district court, and they appealed.

When Henry Dixon died in December, 1917, he had on deposit to his credit in the defendant bank the above-stated sum. In the early part of 1918, one Maria Dixon Mayfield made application to the district court of Bossier parish, asking that she be recognized as the sole heir of deceased and to be placed in possession of his es-

tate. On March 1, 1918, the court rendered judgment ex parte ordering that "Maria Dixon Mayfield be and she is hereby put into the actual, immediate and absolute possession and control of any and all of the property, rights and credits of Henry Dixon, deceased, and especially (describing certain real estate), also any and all moneys deposited in the Commercial National Bank of Shreveport, Louisiana."

Three days later, on March 4th, said Mayfield presented to the bank a certified copy of this judgment and asked that the funds on deposit to the credit of the deceased be transferred to her account, which was done forthwith. These plaintiffs were not parties to the proceeding in which Mayfield was recognized as sole heir of the deceased and ordered placed in possession of his estate and knew nothing of it until some time later. When apprised of the proceeding, they appealed devolutively from the judgment, and on January 31, 1921, the judgment was annulled by the Supreme Court (see Succession of Dickson, 148 La. 501, 87 So. 251).

Some time later, after this judgment became final, the exact date not being shown by the record in the present suit, these plaintiffs filed suit alleging that they were the sole heirs of Henry Dixon, deceased, and entitled to his estate, and alleging that, notwithstanding they were the sole heirs of the deceased, one Maria Dixon Mayfield had illegally caused herself to be sent into possession of his estate. They asked that they be allowed to recover the estate, and that the said Mayfield be enjoined from disposing of it pending the litigation. The injunction issued, but the defendant bank was not made a party. Plaintiffs' demands were rejected by the district court, and on appeal, the judgment was reversed, the plaintiffs recognized as heirs of the deceased, and the injunction was perpetuated. See Van Dickson et als. vs. Mayfield, 158 La. 529, 104 So. 315.

It being finally settled that plaintiffs, and not Maria Dixon Mayfield, were entitled to the estate of Henry Dixon, deceased, they now seek to recover of the defendant bank the amount which deceased had on deposit to his credit at the time of his death.

As already stated, the amount in the defendant bank to the credit of deceased was transferred by the bank to the credit of Mayfield on March 4, 1918. That was done prior to the date on which plaintiffs appealed devolutively from the said ex parte judgment sending Mayfield into possession. The transfer of the funds was made by the bank upon the faith and authority of the judgment of the district court recognizing her as heir and sending her into possession, a certified copy of which judgment being presented to the bank by Mayfield prior to the transfer.

The present suit seems to be predicated upon the theory that the transfer of the funds to Mayfield's account was illegal, null, and void, although there is no allegation in plaintiffs' petition to that effect. At any rate, plaintiffs proceed against defendant as though the funds were still in the bank to the credit of deceased, which is not true. The amount was transferred from deceased's to Mayfield's account— nearly eight years before this suit was filed —and there has never been any proceeding against the bank to set the transfer aside. Plaintiffs have apparently ignored the transfer altogether, and there seems to be no objection to this proceeding on the part of the defendant.

As the case is presented here, the only question for our consideration is whether the transfer of the funds to Mayfield's account by the bank, under the circumstances, was legal, and whether the bank is protected by the ex parte order of the district court recognizing Mayfield as heir and sending her into possession. Act No. 112 of 1894 is an act "Relative to the transfer by national banks, State banks or banking associations, of any balance of deposit account of any deceased person to the heirs, executor or administrator of the same." Section 1 of that Act reads as follows:

"That it shall be lawful for any national bank, State bank, or banking association, to transfer any balance of deposit on account of any deceased person, to the heirs, executor or administrator of the said deceased person; and the judgment of any court of competent jurisdiction, recognizing and putting the said heirs in possession, or the letters of such executor or administrator, issued by any court of competent jurisdiction, of this State, or of any other State, of the United States, shall be full and sufficient authority for the making of the said transfer which, when so made, shall be a full protection to any such national bank, State bank, or banking association making the same; and a copy of such judgment recognizing and putting said heirs in possession, or of the said letters of executorship or administration, rendered or issued by any court of this State, duly certified, or any other State of the United States, certified according to the existing acts of Congress, shall be full and conclusive proof of the jurisdiction of the court rendering or issuing the same."

(This act was amended by Act No. 140 of 1918, p. 239, and again by Act No. 64 of the Extra Session of 1921, p. 90. The amending acts retain the substance, but enlarge the scope, of the original act which was in force at the time this transfer was made.)

The language of this act is plain and unambiguous, and provides that a judgment of any court of competent jurisdiction recognizing and putting heirs in possession "shall be full and sufficient authority for the making of the said transfer which, when so made, shall be a full protection to any such national bank, State bank, or banking association making the same."

It is not denied, but conceded, that a court of competent jurisdiction did send Mayfield into possession of all the estate of deceased, and especially of this deposit, and that the bank, before making the transfer, had presented to it a certified copy of said judgment. The bank therefore, under the plain letter of the law, had "full and sufficient authority for making said transfer," which transfer, having been made, that is, upon the faith and authority of the judgment, is "full protection" to the bank. It is therefore manifest that the transfer of these funds from the account of deceased to that of Mayfield was legal, and, even though it be true that plaintiffs, and not Mayfield, are the legal heirs of deceased, the bank is fully protected.

Counsel for appellant cite a long list of decisions holding, in substance, that an ex parte order of court, recognizing and putting heirs in possession of the estate of deceased persons, lacks the elements and essentials of the thing adjudged, and cannot be pleaded as res adjudicata. But those cases have no application here. The question here involved is not whether Mayfield owned the funds in the bank, but whether she was given the right to take possession of them under the order of court. Most assuredly, that ex parte order of court was not binding upon these plaintiffs in so far as their rights of ownership by inheritance were concerned. The judgment did not

pretend to recognize Mayfield as the owner of the property of deceased as against those who might later appear and establish their rights of inheritance. The only effect of the judgment was to place Mayfield in possession of the estate. The judgment sent her into possession of certain real estate which belonged to deceased. Under the judgment, she had a right to take immediate possession of the realty; but possession is one thing and ownership is quite another.

It is settled jurisprudence that an ex parte judgment recognizing one as heir of a deceased person and sending him into possession of the estate is prima facie evidence of ownership which entitles the party so recognized to full and exclusive possession until such time as others may appear and assert and prove ownership in themselves. In the case at bar, the ex parte judgment was prima facie evidence of Mayfield's ownership of the funds in the bank and gave her the right to take and hold possession of them as against these plaintiffs until such time as their rights of inheritance had been recognized by a court of competent jurisdiction. Plaintiffs in a later proceeding, contradictorily with Mayfield, were finally decreed to be the legal heirs of deceased and entitled to all his property. The effect of that decree was to oust Mayfield of her possession, but, up to the date of the decree, Mayfield was lawfully in possession.

In the case of Glover et als. vs. Doty, 1 Rob. 130, plaintiffs, who had been recognized as heirs of Ruth Roble, sued defendant to collect a promissory note due deceased. Defendants set up as a defense that plaintiffs were not the heirs and legal representatives of the deceased, but the court said:

"We are of opinion that the recognition of the plaintiffs as heirs, by the court of probates, furnishes at least prima facie evidence of their being so, and would have justified a payment made to them by the defendant. It is to that court that absent heirs, to whom estates have fallen in this state, which have been administered by curators, are to address themselves in order to call such curators to an account; and although such recognition would not preclude other heirs who should afterwards appear, nor even a debtor of the estate from showing that other persons are in fact heirs, yet, until such other person is named, and evidence offered to show his heirship in preference to those who may have been admitted by the court of probates, which has not been done in this case, such evidence of heirship must be held sufficient."

The above from the Doty case was quoted by the court in the late case of Taylor vs. Williams et al., 162 La. 92, 110 So. 100, 101, and many other cases of similar import were cited. In the Taylor-Williams case, the court said:

"Although an ex parte judgment sending an heir into possession of an estate, rendered by a court of competent jurisdiction, of course, is not a basis for a plea of res judicata, or conclusive against any one having an adverse interest in or claim against the estate, such a judgment is prima facie evidence of the right of the heir in whose favor it was rendered to take possession of the estate."

It is therefore clear that, if Act No. 112 of 1894 had never been enacted, Mayfield could have compelled the bank to transfer the deposit to her account and certainly such transfer would have protected it. By enacting this statute above referred to, the Legislature recognized a rule which had always existed.

The bank delivered the amount on deposit into the possession of Mayfield upon the faith and authority of the judgment recognizing her as the heir of deceased and sending her into possession. That was done before plaintiffs asserted their claims to the estate. They later appealed devolutively from that judgment, which was annulled by the Supreme Court. But that decree did not undo that which had already been done. The deposit passed out of the hands of the bank almost three years before the judgment was annulled.

After the above-mentioned judgment was annulled, plaintiffs brought suit to have themselves decreed the heirs of deceased and entitled to the possession of his estate, and coupled with their demands a prayer for injunction prohibiting Mayfield from disposing of any part of it. At the time these proceedings were served, Mayfield had on deposit in the defendant bank a portion of the funds which had been previously transferred to her account by the bank. It seems that some one connected with the bank had in some way received notice of these proceedings, and it is contended by counsel for appellant that the bank should not have permitted Mayfield to withdraw the funds to her credit. We think there is no merit in this contention. The bank was not made a party to the proceedings and had no official notice thereof. The funds in the bank were in the possession of Mayfield. The bank is not responsible for her conduct in disposing of the property after the injunction was served upon her.

The judgment appealed from is correct, and is accordingly affirmed, with all costs.