ANDERSON v. THOMAS

·  ———

(November 3, 1931. Opinion and Decree.)
(November 30, 1931. Rehearing Refused.)
(January 4, 1932. Writs of Certiorari Grant-
ed by Supreme Court.)
(March 30, 1932. Opinion and Decree of
Supreme Court.)

———

Charles J. Mundy, of New Orleans, at-
torney for plaintiff, appellee.

E. M. Stafford and Daniel Wendling, of
New Orleans, attorneys for defendant, ap-
pellant.

WESTERFIELD, J.  Plaintiff brings this
suit for recognition as owner of an undi-
vided one-third interest in certain property
described in his petition.  Eleanor Ander-
son Thomas, the record owner of the prop-
erty is made defendant.

There was judgment below in plaintiff's
favor as prayed for and defendant has ap-
pealed.

Plaintiff claims to be the only son of
Louis Anderson, Jr., one of five legitimate
children born of the union of Louis Ander-
son, Sr., and Henrietta Anderson, who are
alleged to have been married on or about
the 22nd day of September, 1866.  He al-
leges that defendant's author in title, Ra-
cheal Anderson, one of the children of
Louis Anderson, Sr., plaintiff's grandfather,
widow by her first marriage of Edward
Garther, and widow by second marriage of
Peter Martin, referred to in the pleadings
for sake of brevity as Racheal Anderson,
died February 2, 1924, possessed of the
property in dispute; that Forman and John
Anderson, brothers of Racheal Anderson,
were recognized as her sole heirs and, as
such, put in possession of the property by
judgment of the Civil District Court; that
Louis Anderson, Jr., plaintiff's father, then
deceased, was likewise a legitimate broth-
er of the said Racheal Anderson and that
plaintiff is entitled by representation of
his said father to the one-third interest in
the property, the other child of Louis An-

derson, Sr., having died without issue before Racheal Anderson.

The record contains a certified copy of a marriage license issued in the parish of Lafourche to Louis Anderson and Henrietta Anderson under date of September 22, 1866, but there is nothing to show that the marriage was celebrated. There is considerable oral testimony tending to prove that Louis Anderson, Jr., was known as the son of Louis Anderson, Sr., and the brother of Racheal Anderson, but nothing to indicate that a marriage ceremony was had.

One of plaintiff's witnesses, Fanny Augustine, testified that she was born in 1865 and, when asked whether she was present at the birth of Louis Anderson, Jr., plaintiff's father, replied in the negative, explaining that he was born before she was and consequently before 1866, the date of the alleged marriage of plaintiff's grandparents. A photograph of a headstone having the inscription "Louis Anderson born September 18, 1862, died July 2nd, 1905" is in evidence. It is apparent, therefore, and not denied, that plaintiff's father was born four years before the date of the alleged marriage of his parents. He was, therefore, illegitimate, since the subsequent marriage did not ipso facto have the effect of legitimation without acknowledgment by his parents before their marriage by an authentic act or by the contract of marriage itself. Rev. Civ. Code, art. 198; Van Dickson v. Mayfield, 158 La. 529, 104 So. 315. There is in this record not the least trace of evidence tending to show the acknowledgment of Louis Anderson, Jr., by authentic act or in a marriage contract.

Fanny Augustine also testified that plaintiff's father, Louis Anderson, was the youngest of the Anderson children. Plaintiff's counsel attributes much importance to this testimony, which is without contradiction in the record when considered in connection with an admission in defendant's answer. If Louis Anderson, Jr., was the youngest of the Anderson children, says counsel, Forman, John and Racheal Anderson must have been older than Louis; consequently if Louis was born four years before the marriage of his parents, his brothers and sister must have been born a greater length of time before their parents' marriage. In the petition of plaintiff there appears an allegation in paragraph 3 to the effect that:

"Of said marriage between Louis Anderson, Sr., and Henrietta Anderson, above referred to, there was born the following named children, to-wit: Louis Anderson, Forman Anderson, John Anderson. * * *"

To this allegation defendant replied as follows:

"Defendant admits that Forman Anderson and John Anderson and Racheal Anderson were born of said marriage, but defendant denies the remainder of the averments of said paragraph 3."

This admission by defendant is said to establish the right of plaintiff to participate in the inheritance with his father's brothers, Forman and John Anderson, evidently upon the theory that their relation to their deceased sister, Racheal Anderson, is no more legitimate than plaintiff's father, their brother, whom plaintiff represents in the succession of Racheal Anderson, his aunt, and all are in the same boat. We cannot follow counsel in this contention. The most that can be said of the effect of the allegation in the petition and the admission in the answer, together with the testimony of Fanny Augustine, is that it establishes the illegitimacy of Forman, John and Racheal Anderson as well

as of plaintiff's father, Louis Anderson, Jr.; but since plaintiff's suit is in the nature of a petitory action, he must recover upon the strength of his own title and cannot rely upon the weakness of defendant's title.

It is said that the oral testimony in the record is sufficient to show a slave marriage, all parties to this litigation being colored people and Louis Anderson, Jr., having been born in 1862, a year previous to the abolition of slavery, and that while the civil effect of such marriage would be dormant during the period of slavery, it would be active, subsequent to the emancipation, by the mere fact of the parties continuing to live together as husband and wife. Ross v. Ross, 34 La. Ann. 860.

The requisites of a valid slave marriage are stated in the Succession of Young, 166 La. 285, 117 So. 150, 151, to be as follows:

"In order to establish the validity of the alleged slave marriage, it is incumbent upon them (plaintiffs) to show: (1) consent of the parties; (2) consent of the masters; (3) a ceremony; and (4) ratification by the parties subsequent to their emancipation. Succession of Walker, 121 La. 865, 46 So. 890; Johnson's Heirs v. Raphael, 117 La. 967, 42 So. 470."

We find no proof whatever in the record of this case which would establish a slave marriage between Louis Anderson, Sr., and his alleged wife, Henrietta.

Our conclusion is that the judgment appealed from is erroneous, and for the reasons assigned it is annulled, avoided, and reversed, and it is now ordered that there be judgment against the plaintiff, Willie Anderson, and in favor of the defendant, Eleanor Anderson Thomas, dismissing this suit at plaintiff's cost.