**147 So. 20**

## WEST et al. v. GOODWIN et al.

### No. 31489.

Feb. 27, 1933.

O. E. Guillory, of Villa Platte, for appellants.

L. Austin Fontenot, of Opelousas, for appellees.

BRUNOT, Justice.

The plaintiffs are all of the surviving children, with the exception of Jeff West, and all of the grandchildren, of James West, deceased, and his widow, Mary Ann Goodwin, the real defendant in this suit. The grandchildren are the issue of the marriages of a predeceased son and daughter.

The record discloses that James West died intestate, leaving an estate consisting of his interest in the community of acquets and gains existing between him and his surviv-

ing spouse; and that a judgment was rendered in the matter of the estate of James West, deceased, recognizing his widow and heirs as the owners, in indivision, of all of the property belonging to the community, in the proportion of one-half to the surviving widow, and one-half to the heirs, and sending the widow into possession of the property, as the owner, in her own right, of one-half thereof and as usufructuary of the other one-half.

██ The plaintiffs attack this judgment and seek to annul it in so far as it recognizes the surviving widow's right of usufruct to the undivided one-half of the property inherited by the heirs of the deceased. The attack is based upon the erroneous assumption that a grandchild, inheriting in its own right, is exempt from the operation of article 916 of the Revised Civil Code.

Omitting the caption, the article reads:

"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."

In Succession of Teller, 49 La. Ann. 281, 21 So. 265, the question decided was whether or not a child, by adoption, was exempted from the operation of articles 915 and 916, Rev. Civ. Code. In that case the court held as follows:

· "The spirit and text of the law is against

the pretensions of the tutor. The purpose was, unless the deceased spouse disposed of his share of the community, to preserve intact the community property to be enjoyed by the surviving spouse during his or her natural life or widowhood, when there were children of the marriage."

Counsel for the plaintiffs quote from the separate opinion of Justice Fenner in Succession of Moore, 40 La. Ann. 531, 4 So. 460, 466. The quotation is the individual expression of one judge, and counsel has evidently misinterpreted its meaning, for that distinguished jurist concurred in the court's decree, which is, in part, as follows:

"It is further ordered and decreed that the plaintiffs and the other children and *grandchildren* be recognized together as entitled, in their capacity of forced heirs of the deceased, to the naked ownership of the two-thirds or portion of his share in the community as is subjected to the *usufruct* of Mrs. Moore," etc. (Italics by the court.)

██ Neither in the Moore Case nor in any case we have been able to find does the court make any distinction, so far as the right of usufruct is concerned, between children or grandchildren or other descendants. Rev. Civ. Code, art. 916, uses the words *issue of the marriage,* meaning *children born of the marriage.* It must therefore be read in pari materia with Rev. Civ. Code art. 3556, from which we quote:

"Children.—Under this name are comprehended, not only the children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line."

Some of the plaintiffs in this suit became so by way of intervention, and in their petition of intervention they pleaded, in the alternative, that the major heirs and the usufructuary entered into an agreement providing for the sale of a part of the community property and a partition of the proceeds realized from the sale thereof, and they pray, in the alternative, for specific performance of that agreement and for an accounting. Because of this agreement, and the fact that the major heirs, by formal proceedings, intervened and made themselves parties to the proceedings to have the widow and heirs sent into possession of the property, defendant pleads estoppel, and, because the judgment in that proceeding has become final, defendant pleads res adjudicata. A companion suit, filed by five of the major heirs, was consolidated herewith, for purposes of trial. The pleadings in that suit, and the relief prayed for, are the same as the alternative pleas and prayer of the interveners herein. The decision in this case will therefore be the law of both cases. The trial judge dismissed both suits, and the plaintiffs appealed.

◼ It is true that an ex parte judgment sending the widow and heirs into possession is not res adjudicata. The plea of estoppel is based upon the fact that the major heirs made themselves parties to the proceeding sending the widow and heirs into possession, and thereafter recognized the right of usufruct by entering into the partition agreement. As the judgment will be affirmed for other reasons, we pass this plea.

The partition was not carried out, but the record shows that the nonexecution of the agreement is not chargeable to any fault of the usufructuary. The contract itself shows why, to what extent, and under what conditions Mary Ann Goodwin agreed to waive the usufruct. The wording of the first paragraph of the agreement is as follows:

"That Mary Ann Goodwin, party of the first part, without waiving her rights of usufruct, or any property or assets not herein specifically partitioned, and with the distinct understanding that this settlement or partition is done for the benefit of and at the request of the heirs, agrees to partition in the proportion of one-half (½) to herself and the other one-half (½) to the heirs in the proportion as set forth in the judgment of court, all of the property belonging to the estate, save and except the following viz."

The remainder of the paragraph is a list of the real estate and personal property that is excepted from the operation of the agreement. The agreement, as a whole, leaves no doubt in our minds that it was a conditional one, to become effective only upon all of the heirs becoming parties to it. It is shown that this condition has not been fulfilled, and, until it is, a demand for specific performance of the contract is premature.

◼ The pleadings show that the deceased was survived by issue of the marriage of himself and Mary Ann Goodwin. Some incidental questions are presented, but they need not be considered, for our conclusion is that, where the husband or wife dies without disposing of his or her interest in the community existing between them, and is survived by issue of the marriage, the right of usufruct, in the survivor, cannot be affected except by his

or her death, remarriage, or by an enforceable contract binding upon the usufructuary.

For the reasons stated, the judgment appealed from is affirmed, at appellants' cost.