244 So.2d 633 (1971)
JACKSON-HINDS BANK
v.
Wallace M. DAVIS, Jr.
No. 4248.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1971.
Rehearings Denied March 10, 1971.
Writs Refused April 22, 1971.
*634 David E. Hogan, New Orleans, curator ad hoc, for Wallace M. Davis, Jr., (absent defendant) defendant-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for the National Bank of Commerce in New Orleans; Anthony J. Correro, III, defendant in rule, appellee.
Charles D. Lancaster, New Orleans, for Metropolitan Bank of Jefferson, defendant, appellee in rule.
Adams & Reese, Louis A. Wilson, Jr., New Orleans, for Exchange National Bank, defendant-appellee.
Phelps, Dunbar, Marks, Claverie & Sims; Louis B. Claverie and Eugene R. Preaus, New Orleans, for the Hibernia National Bank in New Orleans, defendant-appellee.
Dodge & Friend, Joseph E. Friend, New Orleans, for Jackson-Hinds Bank, plaintiff-appellant.
Before CHASEZ, LEMMON and GULOTTA, JJ.
CHASEZ, Judge.
This is an appeal from a rule ranking the claims of four banks, all creditors of defendant, Wallace M. Davis, Jr. The lower court ranked the banks in chronological order of their seizures as follows:
1) Exchange National Bank;
2) The National Bank of Commerce in New Orleans;
3) The Metropolitan Bank of Jefferson; and
4) The Jackson-Hinds Bank.
The Jackson-Hinds Bank appealed, urging that the seizures of the other three banks were invalid and that it should therefore be ranked first. The National Bank of Commerce in New Orleans, ranked second, appealed claiming to rank first and alleging that the Exchange National Bank's seizure was invalid. With respect to the two banks ranked below it, it concurred with the trial court's judgment.
The facts are not disputed. Wallace M. Davis, Jr. is a non-resident of Louisiana, presently residing in Texas. At the time of his departure from the state, he was indebted to various creditors including the plaintiff in rule herein, The Jackson-Hinds Bank. The creditors involved in the present case were pursuing defendant's interest in property inherited from his father, Wallace M. Davis. By judgment of possession, Mrs. Leona Mae Knoderer Davis, defendant's mother, was given the usufruct of certain property and her son, the defendant, was given the naked ownership. It is this interest which the banks sought to seize. The Exchange National Bank, The National Bank of Commerce in New Orleans, and the Metropolitan Bank of Jefferson effected their seizures during the administration of the succession of Wallace M. Davis and The Jackson-Hinds Bank seized after the judgment of possession and effected its seizure *635 by means of a non-resident writ of attachment.
The rule to rank the banks was precipitated by the Jackson-Hinds Bank who argued that the seizures of all three priorseizing banks were invalid because none of them complied with Revised Statutes 13:3864-3868. Jackson-Hinds further argues that the succession of Wallace M. Davis is closed and there was no mention in that succession of the seizure of any of the creditors seeking to be ranked ahead of the Jackson-Hinds Bank and that the property sought to be seized is now in the possession of the usufructuary, free and clear of any claims or lien. This is based on the contention that a seizure is terminated when the thing seized leaves the possession of the person in whose hands it was seized. In this case the property has gone from the possession of the executor to the possession of the usufructuary.
We will consider first the argument so strenuously urged by plaintiff, that the other creditors should have complied with the statutes which provide a course of action for a creditor who seeks to seize the interest of a litigant in a pending lawsuit. The statutes provide as follows:
13:3864. "When the rights and interests of a litigant in a pending lawsuit are seized, the seizing creditor shall not interfere with the progress of the suit nor thereby acquire control of the action nor be permitted to sell these rights and interest under the seizure except as provided in R.S. 13:3863 through 13:3867.
13:3865. "The seizing creditor shall have a notice of seizure served upon the parties to the suit, and the effect thereof shall be to give such seizing creditor a lien or preference on whatever is realized by his debtor out of the suit. After such notice of seizure the litigants cannot dismiss the suit or make any valid sale, compromise or adjustment of the suit to the prejudice of the seizing creditor or without his consent unless the amount to be received by the debtor in the compromise is sufficient to satisfy the seizing creditor's claim, in which event, the litigant offering the compromise must first satisfy the seizing creditor and obtain from him a release of the seizure under penalty of being liable to the creditor for the amount of his claim.
13:3866. "In the event of judgment being rendered in favor of the seized debtor, the litigant cast shall not pay the amount thereof to the debtor without first satisfying the claim of the seizing creditor, or so much thereof as is covered by the judgment, under penalty of being liable to the creditor for the amount of the judgment.
13:3867. "If the debtor whose rights and interests in a pending suit have been seized shall refuse or neglect to prosecute his cause of action, the seizing creditor may require him to show cause why the rights and interests in the suit should not be sold under the seizure, and upon hearing of the rule the court may order such sale if it appear that the debtor has failed or neglected to prosecute his cause of action to final judgment, or by appeal.
13:3868. "Where final judgment is rendered in the litigation in favor of the seized debtor and it is not paid voluntarily by the party cast, then the seizing creditor may execute on the judgment as exists in favor of his debtor, and shall be paid therefrom the amount of his claim *636 or so much as may be realized from the execution."
A cursory reading of the statutes show with no room for doubt that these statutes are not applicable to a situation such as is now before this court. These statutes deal with seizure of the rights and interest of a "litigant" in a "pending lawsuit." How may an heir who has not contested the succession be considered a "litigant" or the succession proceeding, which in most instances is not a contradictory proceeding, be deemed to be a "pending lawsuit"? Section 3865 of the statute requires notice to be served on all the "parties to the suit;" sections 3866 and 3868 deal with payment of a judgment by the "litigant cast." There is no "litigant" in this succession proceeding.
In addition, counsel for The National Bank of Commerce in New Orleans has pointed out to the court that LSA-R.S. 13:3864-3868 have as their source Louisiana Act No. 85 of 1928 and that, since the adoption of that Act, many cases have passed on the seizure of the interest of an heir in a succession and not one has required the procedure outlined in the mentioned statutes. It is, therefore, this court's opinion that an heir's right in a succession is not a litigious right within the meaning of Civil Code Article 2653 because the rights of the various persons named in the judgment of possession are not established by litigation, and that LSA-R.S. 13:3864-3868 have no application to the seizure of an heir's right in a succession.
This is not to say, however, that an heir's right in a succession may not be seized. It has long been held that although property being administered in a succession cannot be seized, an heir's interest can be where the creditor is not a creditor of the succession but is a creditor of an heir. Lacaze v. Hardee, La.App., 7 So.2d 719 (2nd Cir. 1941); Van Der Karr v. Stead, La.App., 21 So.2d 111 (1st Cir. 1945).
We find equally without merit appellant's second argument that once there was a judgment of possession and the property was moved from the possession of the executor to the possession of the usufructuary that the seizures terminated.
This argument overlooks the fact that what was seized was not the property or asset of the succession, but the heir's interest in the succession. The specific property was never seized and in fact could not be under the rationale of First Nat. Bank & Trust Co. of Vicksburg v. Drexler, La.App., 171 So. 151 (2nd Cir. 1936). The interest seized remains in the constructive possession of the sheriff.
Jackson-Hinds relies on the case of Whann v. Hufty, 12 La.Ann. 280 (1857) in support of its argument. That case is inapposite, however, because there when the seizing party allowed the object seized to be taken out of his possession and sold, the court held that he could not then disturb the title of the purchaser. The distinguishable feature is of course the difference between a physical object and an intangible right.
An additional reason for holding that the passing of the asset from the executor to the usufructuary did not defeat the rights of seizing creditors is that a judgment of possession is not res judicata to the parties involved and is not conclusive as to ownership of the parties put into possession. LSA-C.C.P. art. 3062 provides the following:
"The judgment of possession rendered in a succession proceeding shall be prima facie evidence of the relationship to the deceased of the parties recognized therein, as heir, legatee, surviving spouse in community, or usufructuary, as the case may be, and of their right to the possession of the estate of the deceased." (Emphasis added)
See West v. Goodwin, 176 La. 873, 147 So. 20 (1933); Curry v. Caillier, La.App., 37 So.2d 863 (1st Cir. 1948); Dixon v. *637 Commercial Nat. Bank, 13 La.App. 204, 127 So. 428 (1930).
Having concluded that neither argument offered by appellant is persuasive, it becomes necessary to consider the seizure made by each bank in order to determine their respective validity.
The Exchange National Bank seized in September, 1966 pursuant to a writ of fieri facias which had already issued as a result of a judgment in a proceeding entitled Exchange National Bank of Atchison v. Wallace M. Davis, Jr., No. 434-081 of the Civil District Court for the Parish of Orleans. At that time the Succession of Wallace M. Davis, No. 457-132 of the Civil District Court, was under administration, and the sheriff was directed to serve a notice of seizure on the Clerk of Court and on the executor, The Hibernia National Bank of New Orleans. No notice of seizure was served on the defendant personally or through a curator ad hoc. It is argued to this court that a writ of seizure does not effect a privilege until notice of seizure has been served on the debtor. We disagree.
We find no requirement that the judgment debtor be served with notice of seizure in order for the seizing creditor to perfect a privilege. LSA-C.C.P. art. 2292 provides:
"The seizing creditor, by the mere act of seizure, acquires a privilege on the property seized, which entitles him to a preference over ordinary creditors.
"When several seizures of the same property are made by ordinary creditors, the seizing creditors acquire a privilege and are entitled to a preference among themselves according to the order of their seizures." (Emphasis added.)
In Succession of Hoffman, La.App., 141 So.2d 505 (4th Cir. 1962), the plaintiff-inrule contended that the seizure made under article 2292 of the Code of Civil Procedure was null because he had received no notice. In answering this contention this court held:
"A cursory analysis of the jurisprudence reveals that the foregoing contention is without merit. As was enunciated in the ancient case of Walker v. Creevy4 [6 La.Ann. 535] wherein Walker seized a judgment payable to Creevy without the issuance of a notice to him, in connection with a garnishment proceeding, the organ of the court reasoned thusly:
"`We find no law rendering it necessary that notice should have been given of the seizure to Creevy. If the sheriff had been directed to sell the claim, it would have been necessary to have given notice to Creevy, that he might appoint an appraiser. But having seized an incorporeal right, the proper and legal mode of realizing it, was to cause it to be collected. * * *'"
"In the more recent case of Chalmette Petroleum Corporation v. Myrtle Grove Syrup Co.5 [175 La. 969, 144 So. 730] wherein money was seized and wherein Walker v. Creevy was cited with approval, the organ of the court very concisely expressed the opinion:
"`It is not necessary that the defendant judgment debtor, Myrtle Grove Syrup Company, Inc., be served with a notice of seizure under the fieri facias which formed the basis of the garnishment process. (Citations omitted)'"
"On the other hand, it is well settled that when a seizure and a sale are ordered under a writ of fieri facias, notice must be given to the judgment debtor after the seizure, or the sale is a nullity.6 Hence, it is to cases of this nature that the rationale of Article 2293 of the Code of Civil Procedure addresses itself, but not to a case wherein no sale of the seized property occurred nor was any contemplated." (Footnotes omitted)
We conclude that the seizure accomplished by the Exchange National Bank was a valid seizure under the Code of Civil Procedure, notice to the debtor is not required when no sale is contemplated, and *638 since its seizure was earliest in time, it should rank first.
The National Bank of Commerce in New Orleans seized in March 1967, pursuant to a non-resident writ of attachment obtained in proceedings No. 460-970 of the Civil District Court for Orleans Parish. A curator had been appointed to represent Davis, who was then an absentee, and notice of seizure was served on the curator, on the executor and on the Clerk of Court.
Under the Code of Civil Procedure this was also a valid seizure. Articles 3541 (5), 3542 and 3545 provide the grounds for the writ of attachment. The privilege was acquired under article 3511.[1] Notice of the seizure was given to the curator in this instance although not necessary as was previously stated. National Bank of Commerce in New Orleans seized second in time, therefore it should rank second.
The Metropolitan Bank of Jefferson, which seized in May of 1967, obtained a judgment against defendant Davis in proceedings No. 90-883 of the First Parish Court of Jefferson Parish. Pursuant to that judgment it had a writ of fieri facias issued directing the Sheriff to seize the interest of Davis in his father's succession. No notice of seizure was made on Davis and no curator was appointed to represent him. In light of the above discussion, we find this to be a valid seizure ranking Metropolitan Bank of Jefferson third.
The Jackson-Hinds Bank seized pursuant to a non-resident writ of attachment and garnishment obtained in proceedings No. 488-787 of the Civil District Court for the Parish of Orleans. Jackson-Hinds seized the naked ownership interest rather than the interest in the succession proceeding because a judgment of possession had previously been rendered. The property in which Davis had the naked ownership interest was in the possession of Mrs. Davis, his mother, a resident of Orleans Parish, who was the usufructuary of the property and who was made garnishee. The seizure was formally valid in all respects but must rank fourth because it occurred fourth in point of time.
After examining each seizure we conclude that all were valid seizures although obtained by different methods and that the trial court was correct in ranking the banks chronologically.
For the foregoing reasons the judgment of the lower court ranking the banks in the following order:
1) Exchange National Bank,
2) The National Bank of Commerce in New Orleans,
3) The Metropolitan Bank of Jefferson, and
4) The Jackson-Hinds Bank.
is affirmed. Costs of appeal assessed to Jackson-Hinds Bank.
Affirmed
NOTES
[1] Because no judgment has yet been rendered, the privilege herein recognized will be for the amount ultimately proved due in obtaining the judgment.