BOUTALL, Judge.
This is an appeal from an ex parte judgment placing in possession the surviving widow in community of the decedent.
Joseph Patrick Donellan died January 7, 1971, and Mrs. Catherine Newman Don-ellan, surviving widow in community sought to be placed into possession of all of the community property. She filed a petition for possession on March 4, 1971, alleging, along with other facts, that the decedent had married twice, the first wife having died without issue, and that she was surviving spouse, also without issue. The petition further alleges that decedent adopted no children during his lifetime.
Along with the petition is an affidavit of two persons swearing to the pertinent facts related above. Based upon the verified petition and the affidavit of death and heirship, on March 5, 1971, a judgment of possession was rendered and signed placing her in possession of certain described real estate and of all other property left by decedent.
On March 12, 1971, Mrs. Marian Inez Donellan Gauthreaux, filed a petition to annul the judgment of possession alleging that she is the adopted child of the decedent and his first wife, and attaching a copy of the act of adoption to her petition. She alleges that this fact was well known to the surviving widow, that only a part of the assets of decedent were listed in the original petition, and seeks annulment of the judgment of possession for ill practices under the provisions of LSA-C.C.P. 2004. She also prays that she be recognized as the sole heir and placed into possession of decedent’s estate. On March 18, 1971, the decedent’s widow filed exceptions to the petition to annul, which have never been disposed of.
On June 4, 1971, the alleged adopted daughter filed a petition for devolutive appeal from the judgment of possession dated March S, 1971, and this is the matter presented to us for consideration.
Appellee questions the right of appellant to prosecute this appeal, contending that it is an effort to try the facts of heir-ship in this court rather than the trial court, inasmuch as the petition for nullity is pending below.
Appellant, however, has a right to appeal under the provisions of LSA-C.C.P. arts. 2083 and 2086 which read as follows:
“Art. 2083. Judgments appealable
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
“Art. 2086. Right of third person to appeal
A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.”
LSA-C.C.P. art. 2974 provides in part:
“Art. 2974. Appeals
Appeals from orders or judgments rendered in succession proceedings shall be governed by the rules applicable to appeals in ordinary proceedings, * *
The question presented by appellee was answered by the Louisiana Supreme Court in Succession of Lissa, 194 La. 328, 193 So. 663 (1940) wherein the court held that a prospective heir had a right to appeal from an ex parte judgment of possession in *528 which his heirship was not recognized. That case also commented that the remedy by action for nullity of judgment is independent of the remedy by appeal, citing prior jurisprudence.
While we conclude that appellant has a right to appeal, we must conclude that the exercise of that right must be to no avail here on the merits. The only evidence we have before us is the verified petition and affidavits of death and heirship filed in support thereof. It is on this basis that the judgment appealed is rendered, and on their face they afford ample proof to support the judgment, LSA-C.C.P. arts. 3001-3003; arts. 2821-2823, all affidavits specifically deny any adoption by decedent.
Appellant would have us consider as evidence the allegations in her petition for nullity and the act of adoption attached thereto. These cannot be considered by us as evidence on this appeal. Their introduction as evidence is governed by the rules applicable to ordinary cases. LSA-C.C.P. arts. 2823 and 2824. Thus, there is no countervailing evidence before us to dispute the facts contained in the affidavits of death and heirship.
We have been referred to the cases of Succession of Dickson, 148 La. 501, 87 So. 251 (1921) and Succession of Barber, 52 La.Ann. 960, 27 So. 363 (1900) wherein the ex parte judgments were set aside on appeal. In Succession of Dickson the petition and supporting affidavits did not exhibit proof of heirship of the petitioner. In Succesion of Barber the petitioner did not follow the proper procedure. Accordingly, in each case the ex parte judgment was set aside on appeal. In the present case the proof is ample and the procedure is correct. Accordingly, we conclude that the ex parte judgment of possession dated March 5, 1971, was correctly rendered and should be affirmed.
We do not conclude, however, that this closes the matter of heirship and right to possession of decedent’s estate. As remarked above, the matter of this appeal and of the petition for nullity of judgment are separate remedies, and affirmance of this judgment on appeal does not prevent appellant from proceeding with her petition for nullity. She has a right to establish her claim to be adopted daughter and heir in that proceeding or in other appropriate proceedings.
Appellant to pay costs of this appeal.
Affirmed.