udicial comments which were made by the district attorney during the course of the trial.

It appears from the record that, while the judge was hearing argument concerning the admissibility of the confessions of the defendants in evidence, the prosecuting attorney made the following statement:

"These defendants were not arrested in connection with this case until January 10th. Mr. Lozes says he is not interested in Mr. Vittari. Further, these defendants have sat here and no testimony has been offered to contradict the testimony of Captain William Bell or Officer Rooney."

When this statement was made, counsel for the defendants moved for a mistrial. The court denied the motion and instructed the jury to disregard the remarks of counsel "which have just taken place".

The ruling was correct. The prosecuting attorney was not commenting upon the defendants' failure to offer evidence on the merits of the case in contradiction of the proof tendered by the State. The remarks were made during the course of the prosecuting attorney's argument to the court that the confessions were admissible in evidence. The defendants could have requested the court to have the jury withdrawn while the argument on this question of law was being made, but they did not see fit to do so. Furthermore, the judge, in overruling the motion for a mistrial, immediately instructed the jury to disregard the remarks of the prosecuting attorney and, later, in his general charge to the jury, he specifically instructed them

that they should be guided solely by the evidence produced in the case and that the fact that defendants did not take the stand in their own behalf should not be considered in determining their guilt or innocence.

For the reasons assigned, the convictions and sentences appealed from are affirmed.

8 So.2d 645

COGSWELL v. TEXAS & N. O. R. CO.

No. 36029.

May 25, 1942.

Claude L. Johnson, David Gertler, and Moise S. Steeg, Jr., all of New Orleans, for plaintiff-appellant.

Denegre, Leovy & Chaffe, of New Orleans, for defendant-appellee.

McCALEB, Justice.

The plaintiff, Miss Olive Cogswell, is the owner of certain unimproved real property situated near the Mississippi River front in the City of New Orleans. This property measures 133 feet front facing North Peters Street and is located in the Third District of New Orleans in Square No. 12 bounded by Levee (North Peters), Mandeville, Spain and Decatur Streets. The front of the property abuts the levee which is maintained by the Board of Levee Commissioners of the Orleans Levee District and, upon this levee, are several switch tracks which are owned and maintained by a number of railroad companies operating under franchises from the city and state. The two switch tracks nearest to the property owned by the plaintiff belong to the defendant, Texas & New Orleans Railroad Company.

Claiming that the two switch tracks of the defendant company are obstructing the free use of North Peters Street and that, as a result, she is being deprived of the right of passage to and from her lots and that the operations on and maintenance of these tracks have caused her real estate to depreciate in value, plaintiff instituted this suit in the district court against the defendant railroad company for a mandatory injunction requiring it to remove the tracks and also for recovery of the damages she has sustained as a consequence of the obstruction.

The defense of the action is that the switch tracks are not located upon North Peters Street, but are on the slope of the levee erected by the Board of Levee Commissioners of the Orleans Levee District; that these tracks were installed with the consent, approval and under the direction of the Levee Board; that the City of New Orleans has likewise passed ordinances permitting defendant to install and maintain the tracks; that North Peters Street is no longer in existence having been appropriated by the Levee Board for levee purposes; that, in any event, there is sufficient space between said tracks and the front of plaintiff's property which provide free and unobstructed use by plaintiff of her land and that she has suffered no damage whatever.

After a trial in the court below on the foregoing issues, judgment was rendered in favor of the defendant dismissing plaintiff's suit. She has appealed from the adverse decision.

It is apparent from a mere statement of the pleadings that the question presented in this controversy is purely one

of fact. The theory of plaintiff's case is that the defendant company has constructed and is maintaining its switch tracks on public streets of the City of New Orleans in such a manner as to obstruct her in the free use of her property in that the tracks are so situated as to prevent the passage of vehicles to and from her land. In support of this theory, plaintiff relies upon the well-established rule of law that, even though a railroad or other public utility has been granted the right by municipal authorities to make use of a city street, such a grant is limited in its scope to the concurrent use of the street by the public and that no municipality has power to confer upon a railroad company the right to occupy the street with its tracks so as to destroy the street for purposes of traffic and to exclude the public therefrom. See Dillon Municipal Corporations, 5th Ed., Section 1241.

▮ The defendant company does not challenge the correctness of the law relied upon by the plaintiff. It, however, takes the position that the evidence adduced at the trial below does not support the cause of action alleged by plaintiff in' her petition. On the contrary, defendant maintains that the proof establishes beyond any doubt that its tracks are located on the slope of the levee which abuts plaintiff's property and not upon North Peters Street; that North Peters Street (at and near the vicinity of plaintiff's land) has not been used as a street since 1926 when the Board of Levee Commissioners of the Orleans Levee District occupied the entire roadway of the street and devoted it to use for levee purposes and that the levee which was constructed in that year begins at plaintiff's front property line and rises gradually from there to a height of 15 feet at its crest.

The defendant's contention is fully sustained by the record as we find the facts of the case to be in substance as follows:

Prior to the year 1926, North Peters Street within the vicinity of plaintiff's property was a thoroughfare suitable for vehicular traffic being paved with granite blocks. The levee, which was then in use, occupied no part of the street and extended upward from the river side of the roadway. At that time, there were a number of railroad tracks located on the slope of the levee, including the tracks of the defendant's predecessor, Morgan's Louisiana & Texas Railroad and Steamship Company. However, in 1926, the Board of Levee Commissioners of the Orleans Levee District, being of the opinion that the levee, as then constructed, between Marigny and Clouet Streets was unsafe and that it was necessary for it to be strengthened in order for it to afford greater flood protection for the populace of New Orleans, decided that it should be rebuilt and let a contract for the reconstruction work. Before the work was begun, the railroad tracks which were then located on the slope of the Levee were removed and the levee was thereafter rebuilt at a different grade or slope. This new levee, which was erected in 1926, completely covered the space previously occupied by the roadway of North Peters Street, the toe of said levee beginning exactly at the property line of the real estate abutting what was formerly the street.

After the construction of the new levee, the Levee Board granted permission to the railroad companies, including the defendant, to install switch tracks on the slope thereof, such tracks to be located and constructed under the direction and the supervision of the engineer of the Levee Board. In accordance with the permission granted, the tracks of the defendant were placed upon the slope of the levee and, with the exception of one track which was removed some years ago, they are exactly as they were placed at the time they were installed.

The foregoing facts, with respect to the building of the new levee and its extension so as to completely occupy the roadway of North Peters Street, are fully shown by the testimony of Mr. R. B. Kohnke, now Assistant State Engineer of the Board of State Engineers, and formerly the engineer of the Levee Board, who had direct charge of the reconstruction of the levee in 1926. His testimony is corroborated by a certified copy of a resolution passed by the Board of Levee Commissioners of the Orleans Levee District on February 1, 1926, and the evidence of E. L. Mire, Chief Engineer of the New Orleans Public Belt Railroad, W. T. Hogg, Principal Assistant Engineer of the Board of Commissioners for the Port of New Orleans, S. J. Primm, defendant's section foreman, and R. F. Wills, defendant's train master. All of these witnesses testify that, notwithstanding the use by the Levee Board of North Peters Street as part of the base of the levee, the space between the plaintiff's property line and defendant's tracks is not entirely impassable and that it can be used by light vehicles. They further say that the land for some five or six blocks within the vicinity of plaintiff's property is vacant and that, due to the construction of the new levee in 1926, this section of North Peters Street has not been open to use by the public.

We also find that the testimony of two civil engineers, C. Milo Williams and R. P. Rordam, placed on the stand by the plaintiff, supports, in large measure, the evidence produced by the defendant with respect to the fact that the levee, as presently constructed, is occupying the entire roadway of North Peters Street. Both Mr. Williams and Mr. Rordam stated that, beginning at the property line, there is an upward slope toward the river and that the tracks of the defendant company are two to three feet above the grade of plaintiff's property. This rise in the levee from plaintiff's front property line is likewise demonstrated by three photographs of the locality which were offered in evidence by the plaintiff.

In addition, there was also offered in evidence two ordinances of the Commission Council of the City of New Orleans wherein the defendant company was given permission to establish and maintain its switch tracks in their present location. These ordinances are unimportant to the decision here as they merely show that the defendant has complied with the provisions of Ordinance No. 6477, C.C.S., which declares that it shall be unlawful for any person to establish or maintain a switch track in any public place in the City of New Orleans without first obtaining the permission of the Commission Council.

It is manifest from the foregoing recitation of the facts of the case that the tracks

of the defendant company are not located in the public street in such a manner as to interfere with the plaintiff in the use and enjoyment of her property. As a matter of fact, the tracks are situated upon the slope of the levee and it is the levee and not the tracks which occupies the public street. North Peters Street, to which plaintiff claims the right of use, has been taken or appropriated by the Levee Board. Whether this appropriation is lawful or not we are not called upon to decide here, since it is obvious that the defendant railroad is not responsible for any damage which plaintiff might have sustained.

The district judge was correct in dismissing plaintiff's suit.

For the reasons assigned, the judgment appealed from is affirmed.