35 So.2d 743

COGSWELL v. BOARD OF LEVEE COM'RS OF ORLEANS LEVEE DIST. et al.

No. 38387.

April 26, 1948.

Benjamin M. Goodman, of New Orleans, for plaintiff and appellant.

Chaffe, McCall, Toler & Phillips and Harry McCall, Jr., all of New Orleans, for defendant-appellee.

PONDER, Justice.

The plaintiff is appealing from the judgment of the lower court sustaining a plea

of res adjudicata and dismissing her suit insofar as the defendant Railroad Company is concerned.

The plaintiff instituted this suit against the Board of Levee Commissioners of the Orleans Levee District, the Texas and New Orleans Railroad Company and the City of New Orleans, seeking to recover an alleged loss of rentals of $33,600.00 and to compel the defendants to restore North Peters Street to its former condition.

The plea of res adjudicata on the part of the Railroad Company was sustained by the lower court based on a suit instituted by the plaintiff against the Railroad Company on April 13, 1939, in the Civil District Court of Orleans Parish. We entertained this suit on appeal and handed down an opinion on May 25, 1942, to the effect that the Railroad Company was not responsible to the plaintiff for any damages that she may have sustained by the obstruction of the street and refused to give the plaintiff the relief prayed for. Cogswell v. Texas & New Orleans Railroad Company, 200 La. 696, 8 So.2d 645. In this prior suit the plaintiff sought to recover the damages in the following amounts, viz.: $15,400 for depreciation in the value of her property and $9,600 for loss of revenue and rentals from the property, a total amount of $25,-000.00. She also prayed for an injunction against the Railroad Company to prohibit them from using the rail tracks situated on the slope of the levee and directing the removal of the tracks and the repaving and

reconditioning of the street to its former condition. She asked for an alternative relief, which it is not necessary, for the purpose of this decision, to recite.

It appears from the record in the prior suit and the record in the present suit that the plaintiff is the owner of unimproved real property in the City of New Orleans fronting on North Peters Street. The front of the property abuts the levee which is maintained by the Board of Levee Commissioners, upon which levee there are several switch tracks owned and maintained by a number of railroad companies operating under franchises from the City and State. The two switch tracks nearest to the plaintiff's property belong to the defendant Railroad Company.

North Peters Street was a paved thoroughfare prior to the year, 1926. At that time the levee occupied no part of the street and extended upward from the riverside of this roadway. At that time there were a number of railroad tracks located on the slope of the levee, including the tracks of the defendant's predecessor, Morgan's Louisiana and Texas Railroad and Steamship Company. However, the Board of Levee Commissioners, being of the opinion that the levee, as it then stood, was unsafe and it was necessary to strengthen it in order to afford greater flood protection to the populace of the City, decided to rebuild it and let a contract for the reconstruction work. The railroad tracks were removed and placed on the levee after it

had been rebuilt. This new levee, which was erected in 1926, completely covered the roadbed of North Peters Street. The switch tracks were installed in their present location with the permission of the Levee Board and the City.

We pointed out in the prior suit that the switch tracks of the defendant company are not located in the street in a manner to interfere with the plaintiff's use and enjoyment of her property and, as the tracks are situated on the slope of the levee, it is the levee and not the tracks which occupies the street. We further pointed out that since the Levee Board expropriated the street that the defendant Railroad Company was not responsible for any damages that the plaintiff might have sustained.

On this appeal the plaintiff contends that the cause of action in this suit is different from that set forth in her prior suit against the Railroad Company. She contends that in the former suit she asked for a mandatory injunction requiring defendant to remove its tracks, whereas in the instant case she seeks to compel all of the defendants to restore North Peters Street to its former condition. In her prior suit, she asked for an order directing the removal of the tracks and for the repaving and reconditioning of the street to its good former condition. In other words, she asked for the restoration of North Peters Street to its former condition in both suits.

The appellant takes the position that the plaintiff asked for damages in the prior suit, whereas she is seeking to recover for the loss of rentals in the present suit. One of the items of damages sought to be recovered in the prior suit, as reflected by her amended petition therein, was $9,600.-00 for loss of revenue and rentals from the property. So it is apparent that she has sought to recover loss of rentals in both suits.

The appellant takes the position that the cause of action in the prior suit was the obstruction by the Railroad Company of North Peters Street, whereas in the present suit her cause of action is the conspiracy of the defendants.

A conspiracy does not of itself give rise to a right of action. The action is for damages caused by acts committed pursuant to a conspiracy rather than by the conspiracy itself and, unless something is done which results in damage, there could be no civil action. Louisiana v. McIlhenny, 201 La. 78, 9 So.2d 467.

The appellant takes the position that the plea of res adjudicata is not applicable because the suits are against different defendants. We see no merit in this contention. The mere joining of the Levee Board and the City as defendants does not change the nature of the suits insofar as the Railroad Company is concerned. In both suits, insofar as the Railroad Company is concerned, the demands are the

same, the parties are the same and the demands are founded on the same cause of action. Such being the case, all of the essential requisites prescribed by Article 2286 of the Revised Civil Code exist and the plea of res adjudicata is well founded.

The case of Hope v. Madison, 194 La. 337, 193 So. 666, is not applicable because separate causes of action were involved therein. The same is true in the case of Lloveras v. Reichert, 197 La. 49, 200 So. 817. In the case of Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1, the suits were against different defendants and for that reason it is not applicable.

For the reasons assigned, the judgment is affirmed at appellant's cost.