WATKINS, Judge.
' These consolidated appeals are brought by a judgment creditor, First National Bank of Gonzales (Bank), from an adverse judgment dated October 14, 1987, on a rule to rank mortgages and an adverse judgment dated February 15, 1988, on a rule nisi seeking possession of seized property and lease proceeds.
The appellees are Charles E. Metrailer and Martha W. Metrailer, holders of a real estate mortgage (hereinafter “Metrailer mortgage”) recorded in 1982 securing a note for $360,000.00.
On June 9, 1986, Bank filed suit via ordinaria to enforce a mortgage (hereinafter “Bank mortgage”) on the same real estate subject to the Metrailer mortgage. Bank alleged it was the holder of a collateral mortgage note dated October 18, 1984, in the principal sum of $750,000.00. Named as defendants in Bank’s petition were: C. Jon Morton, Nancy P. Morton, Edward J. Daigle, Mary Jo B. Daigle, Charles E. Metrailer, and Martha W. Me-trailer.
A review of the record shows that the Metrailers filed a Motion for Summary Judgment which was granted by the trial court. The defendants Mr. and Mrs. Me-trailer were dismissed from Bank’s suit by judgment signed January 6, 1987. Bank did not appeal that judgment; it is now final.
From the affidavits and evidence presented in support of and in opposition to the Motion for Summary Judgment, we learn the pertinent transactions involving the mortgaged property. In September 1982, the Metrailers sold the property to William and Susan Mengshol, who are not involved in this litigation. Part of the purchase price was a promissory note secured by the $360,000.00 mortgage previously mentioned. Two years later, in August, 1984, the Mengshols sold the property to Joned, an unincorporated joint venture composed of Edward Daigle and C. Jon Morton. As a part of the purchase price, *7 Joned assumed the Metrailer mortgage. Two months later Mr. and Mrs. Daigle and Mr. and Mrs. Morton negotiated a loan with Bank resulting in the Bank mortgage.
On June 10, 1985, prior to the Bank’s suit, Mr. Daigle and Mr. Morton executed a document which purported to be a dation en paiement in favor of the Metrailers. Although the document was signed, eventually, by the Metrailers, it was never recorded. Mrs. Daigle and Mrs. Morton did not sign the document. After the execution of the document, Mr. Metrailer began to manage the mortgaged property, collecting the rentals and crediting the debt with the income. In support of their motion for summary judgment, the Metrailers urged the invalidity of the document as a dation en paiement.
On April 2, 1987, Bank obtained a judgment against Mr. and Mrs. Daigle and Mr. and Mrs. Morton, which judgment recognized Bank’s privilege on the property subject to the two mortgages and ordered a sale with appraisal. That judgment was not appealed; it is now final.
On August 31, 1987, Bank filed the rule to rank mortgages which resulted in one of the judgments now before us on appeal. As principal ground for urging that its mortgage was a first mortgage, Bank urged that the Metrailer mortgage had been extinguished by the dation en paiement between the Metrailers and the principals of Joned. This was the same plea that had been made in opposition to the Motion for Summary Judgment. Although the January 6, 1987, judgment dismissing the Metrailers from the Bank’s suit is silent as to the basis of the dismissal, it is evident from the record that the trial judge determined that the dation was invalid and that the Metrailers were not owners, but mere mortgagees, of the property. Although the October 14, 1987, judgment explicitly states this finding, the statement does not operate to revive the issue for purposes of appeal.
Following the filing of the appeals, the appellees filed an Exception of Res Judicata, urging that the judgment of January 6, 1987, which was not appealed, was based on the same issue in the same cause of action between the same parties, and that the matter had achieved the status of a thing adjudged. We find that the exception has merit.
LSA-R.S. 13:4231 provides as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
The theory of civilian res judicata is that matters actually litigated and finally adjudged are presumed correct and, thus, should not be contradicted in a subsequent suit. Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978). However, res judicata is stricti juris, and the second suit should not be barred where there is any doubt of the applicability of the doctrine. LSA-R.S. 13:4231; Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The judgment has the authority of the thing adjudged only as to matters put in issue by the pleadings and actually decided by the court. 294 So.2d at 818.
It is clear from the record that the validity of the dation was put at issue and actually decided by the trial court when it rendered the summary judgment in favor of the Metrailers. It does not matter that the Metrailers were defendants in the first suit and mere mortgagees in the second; the Bank’s claim was based on its contention that the Metrailers were owners of the property because of the dation. It is even immaterial that different defendants are brought into the second suit where the demands are founded on the same essential cause of action. See Cogswell v. Board of Levee Commissioners, 213 La. 817, 35 So.2d 743 (La.1948).
Accordingly, we sustain the appellees’ Exception of Res Judicata and hold that the issue of the validity of the dation en paiement is not before us on appeal.
*8 Since Bank has no grounds for the invalidity of the Metrailer mortgage save the previously adjudged extinguishment of the mortgage by the alleged dation, it is clear that the judgment of the trial court ranking the Metrailer mortgage with priority is correct. We affirm the judgment of October 14, 1987.
Finally, we must consider the judgment which denied Bank’s claim for possession of the seized property and lease proceeds pending sale. This judgment is clearly an interlocutory judgment.[1] Although interlocutory judgments are appealable upon a showing of irreparable injury,[2] the bank has failed to make such a showing. Bank was merely seeking possession, not ownership, pending sale. If possession had been granted, all proceeds from the property would have been set aside according to the ranking of the mortgages. Eventually, proof of the outstanding balance on the Metrailer note will have to be made for the balance to be paid out of the proceeds of the judicial sale.
The jurisprudence is clear that a judgment which does not affect the merits nor deprive the party of benefits to which he may be entitled at final disposition of the case is a non-appealable interlocutory judgment. See River Cities Construction Co. v. Barnard & Burk, Inc., 444 So.2d 1260 (La.App. 1st Cir.), writ denied, 446 So.2d 1223, 1226 (La.1984).
Accordingly we sustain the appellees’ exception of res judicata and affirm the judgment of the trial court in 88 CA 0048. We remand the matter in 88 CA 0642 without reviewing the record because the judgment is not appealable. Costs are to be assessed against appellant.
AFFIRMED IN PART AND REMANDED IN PART.

. LSA-C.C.P. art. 1841 provides in pertinent part: "A Judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.”

. LSA-C.C.P. art. 2083 provides in pertinent part: “An appeal may be taken ... from an interlocutory judgment which may cause irreparable injury_”