LAND, J.
 

 Theodore F. Brierre died intestate, leaving a widow and one minor child, and an estate consisting solely of decedent’s one-half interest in the community of acquSts and gains.
 

 Among the assets of the community was a balance of deposit account in the sum of $262.26 in the Whitney Central Trust & Savings Bank of the city of New Orleans.
 

 The surviving widow qualified as natural tutrix, and, while administering as such the estate to which the minor was entitled, made a demand upon the bank for this deposit, upon presentation only of her letters of tutorship.
 

 This demand having been refused, the bank, after hearing had upon rule, was ordered by the trial judge to pay the amount of the deposit to the tutrix of the minor.
 

 On appeal by the bank, the Court of Appeal for the parish of Orleans reversed the judgment of the lower court, and the case is now before us for review under a writ of certiorari.
 

 The bank relies upon Act No. 64 of 1921 (Ex. Sess.), and contends that, under the express provisions of that act, it cannot safely turn over the deposit to the tutrix upon presentation of her letters of tutorship, unless it is also shown that the minor heir has been put in possession of the estate and recognized as the only heir by judgment of court, or unless-she qualifies as administratrix.
 

 The tutrix contends that Act No. 64 of 1921 (Ex. Sess.), properly interpreted, does not provide for such requirements, and, even if it can be so construed, the act is not mandatory, and that, accordingly, the tutrix is entitled to-the deposit in question upon presentation of her letters of tutorship, on the ground that the settled jurisprudence of this state allows a tutor to administer a succession to which the minors alone are entitled, so long as no creditor demands the appointment of administrator. 70 A. L. R. p. 397, note, citing Bryan v. Atchison (1847) 2 La. Ann. 462; Bourgeois’ Succession (1891) 43 La. Ann. 247, 9 So. 34; Deshotels v. Lafleur (1914) 134 La. 1052, 64 So. 905.
 

 The material portions of Act No. 64 of 1921 (Ex. Sess.) are as follows:
 

 “Section 1. That it shall be lawful for any national bank, state bank or banking association -to transfer any balance of deposit account of any deceased person, or any other property of any deceased person in its possession, to the heirs, executors or administrators of the said deceased person, or to the tutors, curators or other legal representatives of such heirs; and the letters of such executors or administrators issued by any court of competent jurisdiction, or the judgment of any court of competent jurisdiction recognizing and putting such heirs in possession accompanied, if said heirs be not sui juris, by the letters of their tutors, curators or other legal representatives issued by any court of competent jurisdiction, shall be full and sufficient authority for the making of said transfer, which when so made, shall be a full protection to any such national bank,” etc.
 

 
 *317
 
 It is expressly provided in this section that “the letters of such executors or administrators [omitting tutors] issued by any court of competent jurisdiction * * ' * shall be full and sufficient authority for the making of said transfer,” and “a full protection” to the bank.
 

 It is clear, therefore, that this particular provision does not include tutors, and does not make the letters alone issued to them by any court of competent jurisdiction “full and suffi
 
 cient
 
 airthority” for the making of the transfer, and “full protection” to the bank.
 

 The provisions of this section, however, that do apply to tutors, require the presentation to a bank by the tutor of a judgment of a competent court recognizing and putting the heirs into possession, accompanied by the letters of the tutor, if the heirs be not sui juris or minors, before the bank can be fully authorized and protected in making the transfer to the tutor.
 

 The presentation to the bank by the tutor of these documents constitutes the sole authority and only protection afforded the bank by the statute in making its transfer of the deposit in any case to the tutor; and this court is without authority to add to or take from such requirements, as it was manifestly the intention of the Legislature to enact a uniform law for the protection of the banks of the state, when called upon to deliver any balance of deposit account or any other property of a deceased person to the heirs, or to their legal representatives.
 

 That the interpretation we have placed upon the provisions of section 1 of Act No. 64 of 1921 (Ex. Sess.) is correct is clearly shown by a mere recital of the provisions contained in section 2 of the act, which are as follows:
 

 “Section 2. That such national banks, state banks or banking associations are hereby authorized to transfer said balances of deposit and said property on any form of receipt signed by said executors or administrators of said deceased persons, accompanied by a copy of the letters of such executors or administrators, duly certified as hereinabove set forth, or signed by the heirs of said deceased persons, if sui juris, accompanied by a copy of the judgment recognizing and putting said heirs in possession, duly certified as herein-above set forth, or signed by the tutors, curators or other legal representatives of such heirs, if not sui juris, accompanied by a copy of the judgment recognizing and putting such heirs in possession, duly certified as herein-above set forth, and a copy of the letters of such tutors, curators or other legal representatives, duly certified as hereinabove set forth,” etc.
 

 It is plain, therefore, that, when a bank transfers to a tutor a balance of deposit, the receipt must be signed by the tutor, and must be accompanied by a copy of the judgment recognizing and putting the minor in possession, and by a copy of the letters of the tutor. It follows, necessarily, that, if the former jurisprudence of this court is in conflict with these express requirements, it must yield to^ them, as Act No. 64' of 1921 (Ex. Sess.) is the last expression of legislative will on tjbis subject.
 

 The Court of Appeal, in our opinion, properly held that the bank in this case is entitled to demand the documents, which the law specifically provides as sufficient to protect it, and cannot be compelled to act, if anything less than or different from what the law re
 
 *319
 
 quires, for the bank’s protection, is offered as a substitution.
 

 It is therefore ordered that.the judgment of the Court of Appeal for the parish of Orleans be affirmed, and that relator pay the costs of these proceedings.
 

 ST. PAUL, J., dissents.