154 So. 15

## Succession of FACHAN.

No. 31920.

Feb. 26, 1934.

Rehearing Denied March 26, 1934.

Pomes & McCabe, of New Orleans, for appellants John Fachan and others.

Dufour, St. Paul, Levy & Miceli, Buck, Walshe & Buck, and McCloskey & Benedict, all of New Orleans, for appellees Hibernia Bank & Trust Co. and Canal Bank & Trust Co.

OVERTON, Justice.

Emile Fachan died intestate on November 16, 1931, in the city of New Orleans, which was his domicile. His widow, two brothers, and a sister, all residents of New Orleans, survive him.

. Eight days after the death of Fachan, his widow filed a petition in the civil district court for the parish of Orleans, praying to be recognized as widow in community and, as such, the deceased being without forced heirs, the owner of all the community property left by him. Her petition set forth that deposits to the credit of her husband of $2,116.52 in the Hibernia Bank & Trust Company and $1,711.30 in the Canal Bank & Trust Company were assets of the community, and hence that she should be sent into possession of them. Other movable property, consisting of four shares of homestead stock, was set forth in the petition, and described as the separate property of the deceased, and as such inherited by John and Albert Fachan, the two brothers of the deceased, and by Anna Fachan, widow of John Scurich, the only sister of the deceased; these being the nearest living relatives of the decedent. The petition was sworn to by the widow, and two other affidavits were attached, showing the death of the deceased and the names of the heirs.

The court granted an order ex parte on this petition, sending the widow into possession of the alleged community property consisting of the deposits and the brothers and the sister into possession of the separate property consisting of the homestead stock.

Such orders are not uncommonly granted ex parte. When the order was signed, the widow obtained at once certified copies of it, and, upon the faith of these copies, the two banks paid her the amounts of the deposits.

About five weeks after the granting of the order, the two brothers and the sister filed a petition to set aside the order, placing the widow in possession of the alleged community property and especially the deposits in the two banks and all other separate property of the deceased and to have it decreed that they are entitled to the possession thereof as the legal heirs of the deceased. The widow and the two banks were cited as parties defendant. The defendants answered this petition; the two banks asserting that they had paid the widow the amounts of the deposits on the faith of the order of court, placing her in possession, and prayed to be relieved of all responsibility, and for the rejection of plaintiffs' demand as to them.

The trial court, after hearing the case, rendered judgment for the plaintiffs in the petition to annul, setting aside the order putting the widow in possession, recognizing the plaintiffs, that is, the two brothers and the sister, as the sole legal heirs of the deceased, and placing them in possession of all the separate property of the deceased, including the bank deposits, but rejecting the demands as to the two banks. The effect of this decree was to relieve the banks of all responsibility for having paid the widow the amounts of the deposits on the faith of the order sending the widow into possession. The plaintiffs, being dissatisfied with that part of the decree relieving the banks of responsibility and rejecting their demand as to them, have appealed. The widow, claiming that she no longer has the deposits, has acquiesced in the judgment.

█ The question presented is, Were the banks justified in paying the widow on the faith of the order, placing her in possession, and we might add directing all banks to recognize and respect the order?

The Legislature, recognizing the peril to banks in paying out funds or delivering property left by deceased persons in their possession to supposed heirs of the deceased, has attempted to protect the banks, from time to time, by shifting the responsibility to the true heirs for an erroneous payment or delivery. The first of these attempts was made in 1894, by Act No. 112 of that year, the second in 1918, by Act No. 140 of that year, and the third in 1921, by Act No. 64 (Ex. Sess.) of that year. This last is the act presently in force. It suffices for the purpose of this decision to quote only a part of the present law, namely, the Act No. 64 of 1921 (Ex. Sess.). Section 1 thereof provides, so far as it is necessary to quote, that:

"It shall be lawful for any national bank, state bank or banking association to transfer any balance of deposit account of any deceased person, or any other property of any deceased person in its possession, to the heirs, executors or administrators of the said deceased person, or to the tutors, curators or other legal representatives of such heirs; and the letters of such executors or administrators issued by any court of competent jurisdiction, or the judgment of any court of competent jurisdiction recognizing and putting such heirs in possession accompanied, if said heirs be not sui juris, by the letters of their tutors, curators or other legal representatives issued by any court of competent jurisdiction, shall be full and sufficient authority for the making of said transfer, which when so made, shall be a full protection to any such national bank, state bank or banking association making the same. * * *"

It is clear from the foregoing that the order or judgment of a competent court, placing the heirs in possession, when sui juris, without anything more, is full authority for the bank, whether state or national, to transfer the deposit or deliver the property, and is full protection to it.

The civil district court, which issued the order placing the widow in possession, unquestionably had jurisdiction over the decedent's estate. As the two banks paid the deposits in accordance with the order, although to one who, it later appeared, had no right to them, the banks are protected, under the clear language of the statute. Dixon v. Commercial National Bank, 13 La. App. 204, 127 So. 428. In fact, it was for the purpose of affording protection to banks that the statute was passed. Succession of Brierre, 174 La. 314, 140 So. 488.

The ex parte judgment rendered in favor of the widow, was rendered in accordance with the usual practice, that is to say, judgments placing heirs in possession are ordinarily rendered ex parte. Such judgments as to others claiming to be heirs are merely prima facie evidence of the right to possession of the person placed in possession. When such others appear and establish their right to possession, the possession is taken away and given to them. Glover v. Doty, 1 Rob. 130; Taylor v. Williams, 162 La. 92, 110 So. 100. If such parties fail to appear timely and assert their rights, they have only themselves to blame. It is difficult to see how banks, which must act at some time by parting with the deposits, can be protected, if the true heirs must be parties to the proceeding to afford the banks protection.

Plaintiffs have fully and learnedly discussed in their brief the constitutionality of Act No. 64 of 1921 (Ex. Sess.) upon several grounds, but we are unable to consider the discussion and give effect to it, if it is entitled to effect, for the reason that plaintiffs did not raise the constitutionality of the statute, in the lower court, in their pleadings. Unless the constitutionality of a statute is raised in the trial court in a civil case, an appellate court, as is well established, cannot consider it. State ex rel. People's Fire Insurance Co. v. Michel, 125 La. 55, 51 So. 66; Saint v. Martel, 127 La. 74, 53 So. 432.

The judgment appealed from is affirmed.

O'NIELL, C. J., and St. PAUL, J., absent.