## In re Liquidation of RELIANCE HOME-STEAD ASS'N.*

### No. 16957.

Court of Appeal of Louisiana. Orleans.

May 2, 1938.

*Rehearing denied May 30, 1938.

Edward A. Parsons, of New Orleans, for intervener and appellant, Mr. Fred H. Dix.

Louis H. Yarrut and Charles J. Rivet, both of New Orleans, for appellee J. S. Brock, liquidator.

McCALEB, Judge.

Fred H. Dix filed a rule in the proceeding entitled, "In re Liquidation of Reliance Homestead Ass'n," No. 220,669 of the docket of the civil district court for the parish of Orleans, seeking to compel the judicial liquidator of the homestead to transfer to his name on the association's books certain paid-up stock standing in the name of Mrs. D. A. Walter, his deceased wife, and issue to him a new certificate for the same. He alleged, in substance, that his wife, Laura Josephine Wagener, who was widow by first marriage of D. A. Walter, died at her domicile in New Orleans on November 9, 1937; that he caused her succession to be opened under No. 224,169 of the docket of the Civil district court; that, as would appear from those proceedings, the decedent was intestate and left community property; that he, as the deceased's surviving spouse in community, was the owner of one-half of the estate; that he was also the decedent's heir at law and was entitled as such to the other half, and that he had obtained a judgment of court recognizing him as surviving spouse and heir, sending him into possession of the property of the succession, which included the shares of Reliance Homestead stock previously issued to his wife. He further averred that, shortly after the rendition of the judgment, he, in accordance with the provisions of section 77 of Act No. 140 of 1932, presented to the liquidator of the homestead a certified copy of it, together with the stock certificates issued by the association in the name of his deceased wife, duly indorsed by him; that he asked the liquidator to transfer the shares of stock to his name on the books of the homestead and to issue a new certificate for the stock, and that the liquidator failed and refused to comply with his request.

Upon this showing, the court ordered the liquidator to show cause why he should not accede to the mover's demand.

**·24** ■ ■

On the return day of the rule, the liquidator appeared and filed exceptions of nonjoinder of parties defendant and of no right or cause of action. After hearing argument on the exceptions, the judge, being of the opinion that the collateral heirs of Mrs. Dix were necessary and proper parties to the proceeding, sustained the exception of nonjoinder and dismissed the rule. Wherefore this appeal.

The gravamen of the liquidator's defense is that the judgment of the civil district court in the succession of Mrs. Dix, which placed her husband in possession of her estate, is null for the reasons: (1) That he, having been appointed administrator of the succession and having failed to render a final account, could not lawfully obtain possession of the effects; (2) that the ex parte judgment procured by him did not divest the decedent's collateral heirs of their rights; (3) that, by virtue of section 13 of Act No. 120 of 1902, homestead stock held in the name of a married woman is presumed to be her separate and paraphernal property; and further, that by section 34 of Act No. 140 of 1932, the ownership of the decedent to the shares of stock is now incontestable by her husband; and (4) that the ex parte judgment was not rendered contradictorily with an attorney to represent absent heirs, if any, and not preceded by public inventory made in the presence of such representative. In other words, the liquidator's contention, as applied to the exception of nonjoinder of parties, is that, if the judgment placing Dix in possession is void, the court should not proceed to grant recognition of it without the presence of the collateral heirs of Mrs. Dix whose rights may be affected by the result of this proceeding.

Counsel for Dix, however, asks us preliminarily to consider whether the liquidator has any interest in challenging the validity of the judgment in favor of his client, and he suggests that, under section 77 of Act No. 140 of 1932, and by the jurisprudence of the state, the liquidator is precluded from contesting the decree. The pertinent portion of the section of the statute relied upon declares that: "Whenever any person shall die being the owner of shares in a homestead or building and loan association, it shall be lawful for such association to transfer such shares * * * to the heirs or legatees * * * of such deceased member. * * * The judgment of any court of competent jurisdiction recognizing and putting such heirs or legatees in possession * * * shall be full and sufficient authority for the making of said transfer; which, when so made, shall be full protection to any such corporation making the same; and copies of such judgments recognizing and putting such heirs or legatees in possession * * * rendered or issued by any court of this State duly certified * * * shall be as to any such homestead or building and loan association full and conclusive proof of the contents thereof * * * and all such homestead and building and loan associations are hereby authorized to make such transfers upon the signature of the heirs or legatees of such deceased persons, if sui juris, accompanied by a copy of the judgment recognizing and putting such heirs or legatees in possession, duly certified as hereinabove set forth."

The quoted language is strikingly similar to the provisions of section 1 of Act No. 64 of the extra session of the Legislature of 1921, which authorizes banking associations to transfer bank deposits of deceased persons under the same conditions, and it has been held, under that statute, that, where a bank surrenders deposits to a decedent's widow pursuant to an ex parte order sending the widow in possession of alleged community property consisting of bank deposits, it is not liable to the decedent's lawful heirs, even though it later appears that the deposits were not community property. Succession of Fachan, 179 La. 333, 154 So. 15. See, also, Succession of Brierre, 174 La. 314, 140 So. 488; Dixon et al. v. Commercial Natl. Bank, 13 La.App. 204, 127 So. 428, and Dimitry et al. v. Shreveport Mut. Bldg. Ass'n, 167 La. 875, 120 So. 581.

■ Hence, in view of the clear language of section 77 of Act No. 140 of 1932 and the established jurisprudence under an analogous act, it cannot be doubted that, if the liquidator transferred the stock to Dix on the faith of the ex parte judgment, he could not be held liable to any other persons claiming it.

■ While counsel for the liquidator seem to concede that he would be fully protected by the judgment, they assert that the statute, relieving homesteads from responsibility, is directory for, while it authorizes a homestead to rely upon such a judgment, it does not compel it to recognize it. It is true that the language of the act is not couched in mandatory terms as it was passed solely for the protection of homesteads in order that they might be relieved of liabili-

ty in case the wrong person should be paid. But it cannot be gainsaid that the Legislature ever intended that the statute should not work both ways, and that, where a person claiming ownership to the stock has complied with its terms by obtaining a judgment of a court of competent jurisdiction, the homestead could attack the judgment for the benefit of others. To hold otherwise would be to overthrow the effect of the pronouncements of the courts respecting the ministerial duties of corporations.

It is well established in this state that a mandamus will lie to compel a corporation to issue to a subscriber's legal heirs a new stock certificate. See McWilliams et al. v. Geddes & Moss Undertaking & Embalming Co., Ltd., et al., La.App., 169 So. 894, and State ex rel. Smit v. Lafayette Bldg. Ass'n, 147 La. 526, 85 So. 228, 229. The proceeding here taken by Dix is in the nature of a mandamus for the sole relief which he seeks is to compel the liquidator to transfer to him the stock standing in the name of his deceased wife.

In the case of State ex rel. Smit v. Lafayette Bldg. Ass'n, supra, the relatrix and her minor child had been put into possession of the estate of her deceased husband by judgment of court, and she had applied to the defendant company to transfer to their names certain shares of its capital stock theretofore subscribed and paid for by the decedent and standing in his name on its books, which application had been refused by the defendant. The reason assigned by the corporation for its refusal to make the transfer was that it owed to its stockholders the duty to protect their interest in its stock; that it was liable to them for any loss resulting from a failure in this duty; and that the shares of stock which the relatrix requested to be transferred did not belong to the decedent but, in truth, was the property of his father and mother. The Supreme Court, in disposing of the case adversely to the corporation and in granting the relief prayed for, observed: "Apart from all this, however, the defendant company is not being asked to do anything that might be prejudicial to its stockholders or itself. Whatever rights the parents of Fritz Jansen may have to this stock will be enforceable by them against the plaintiffs as fully as against the decedent himself, no matter on what foundation those rights may be sought to be rested. With relation to this stock the plaintiffs but stand in the shoes of the decedent. No new title is

sought to be created. The request is not that the decedent company recognize and give effect to any act of the decedent or of plaintiffs, but simply that its books be made to conform to a state of facts created by the law itself—that its books be made to reflect the existing state of facts—the truth, and not the falsehood of Fritz Jansen being the owner of this stock, when, as a matter of fact, he is no longer of this world. Evidently the defendant company is in this matter overzealous in the interest of its stockholders, or too fearful of consequences to itself."

The foregoing ruling demonstrates that a corporation, in cases such as this, is without interest to champion the rights of others. Yet, that is precisely what the liquidator is attempting to do in the case at bar.

Since it may be said, however, that the Smit Case is distinguishable from the instant one on the ground that, there, the judgment putting the widow in possession was not assailed, whereas, here, the liquidator contends that the judgment, under which Dix derives the asserted right, is void, we consider whether he is vested with sufficient interest to maintain the attack.

In Taylor v. Williams, 162 La. 92, 110 So. 100, 101, it appeared that a colored woman named Pernicie Gaston died intestate in New Orleans where she had her domicile, owning real estate in Caddo parish. The defendants opened her succession in Caddo parish, claiming that they were her cousins, and obtained a judgment placing them in possession of the effects. Four years later, the plaintiff, alleging that he was a brother of the decedent, opened her succession in the civil district court for the parish of Orleans and obtained an ex parte judgment placing him in possession of the estate. Thereupon, he filed suit in Caddo parish against the defendants, praying that they be required to turn over the succession property to him. The defendants resisted the demand on the ground that the plaintiff was not the lawful heir of the deceased, but they made no claim which would have entitled them to the estate. The plaintiff maintained that the ex parte judgment of the civil district court putting him in possession was sufficient proof as against the defendants to show that he was at least, prima facie, the heir of his sister, and that the defendants were without right to contradict the

recitals of that judgment. In resolving the question in favor of the plaintiff, the Supreme Court remarked: "Although an ex parte judgment sending an heir into possession of an estate, rendered by a court of competent jurisdiction, of course, is not a basis for a plea of res judicata, or conclusive *against any one having an adverse interest in or claim against the estate,* such a judgment is *prima facie evidence of the right of the heir in whose favor it was rendered to take possession of the estate.* Hence the right of the heir holding such judgment to take possession of the estate cannot be opposed successfully by a mere trespasser or stranger, *or by one who is neither an heir nor a creditor of the estate,* or who possesses without an apparent title or right to possess the estate. Glover v. Doty, 1 Rob. 130; Succession of Lampton, 35 La.Ann. 418; Chamberlain v. City of New Orleans, 48 La.Ann. 1055, 20 So. 169." (Italics ours.)

It is manifest that the above-stated principle of law is applicable to the case at bar. Here, the liquidator is neither an heir nor a creditor of the decedent's estate, and has absolutely no claim to the stock in question. The only interest he has to safeguard is to make certain that he does not transfer the stock to any one who has not been recognized as heir of the decedent by a court of competent jurisdiction. Therefore, the ex parte judgment is, in so far as he is concerned, full and sufficient proof of the fact it recites, and he is without right to question its legality.

The liquidator, nevertheless, contends that the collateral heirs of Mrs. Dix should be made parties to this rule, and that the court could even ex proprio motu notice their absence, since it is apparent that it cannot proceed properly without them. The Succession of Todd, 165 La. 453, 115 So. 653, is cited to sustain the point.

In that matter, it appeared that the plaintiff's father died in the parish of St. Tammany leaving certain real property. His widow petitioned the district court to be appointed administratrix without applying to be appointed natural tutrix of the plaintiffs and without provoking the appointment of an undertutor to them. Immediately after her appointment as administratrix, she obtained an order to sell certain real estate of the succession for the purpose of paying debts. The property was sold after due advertisement to John A. Todd, who later transferred the same to various parties. The plaintiffs thereafter filed suit against one Chanove, who had acquired a part of the land from Todd, alleging that the sale to Todd by the administratrix of the succession was null and void for various reasons. Chanove, among other things, filed an exception of nonjoinder of parties defendant on the ground that the other vendees of Todd were necessary parties. The Supreme Court held that it was apparent from the plaintiffs' petition that all of the owners of the land, who were vendees of Todd, had not been made parties to the suit, and that their interest would be vitally affected by any judgment which the court might render. The exception of nonjoinder was sustained and the plaintiffs' suit was dismissed.

It is our notion that the ruling in the cited case had no bearing on the question here presented. There, it was obvious that the defendants, who were not joined as parties, would have been bound by whatever decision the court might have rendered in favor of the plaintiffs, as Todd was their author in title. Here, however, the rights of the collateral heirs of the decedent cannot be divested by any judgment which might be granted against the liquidator compelling him to transfer the decedent's stock to Dix on the faith of the ex parte judgment putting the latter in possession of the estate. In other words, as any judgment against the liquidator would, of necessity, be based upon the prima facie correctness of the ex parte judgment and forasmuch as that judgment is not res adjudicata with respect to other heirs of Mrs. Dix, it follows that any decree issued in this matter could not be determinative of their rights.

We therefore rule that the exception of nonjoinder of parties defendant was improperly maintained, and it is now overruled.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed. Cost of this appeal to be paid by Jasper S. Brock, liquidator of the Reliance Homestead Association; other costs to await the final determination of the case.

Reversed and remanded.