MOTION TO DISMISS
KING, Judge.
On April 1, 1985, the plaintiff-appellee, Joseph Reed LaCour, filed suit for legal separation and child custody against the defendant-appellant, Carolyn Anita LaC-our. Subsequently, the parties reconciled and lived together until June 8, 1985 when the defendant is alleged to have abandoned the plaintiff. On November 10, 1985, the plaintiff filed a First Supplemental and Amended Petition to include abandonment as a ground for legal separation. In response, the defendant filed an Exception of No Cause of Action and Plea of Reconciliation and Condonation.
On July 10, 1985, the trial court rendered a judgment denying defendant’s exceptions. The defendant filed for and was granted a devolutive appeal of the July 10, 1985 judgment.
This Court ex proprio motu issued a rule to show cause why the appeal of the defendant should not be dismissed on the ground that the judgment appealed from is a nonappealable interlocutory judgment. The defendant did not answer the rule.
A judgment which dismisses or denies a peremptory exception of no right or cause of action is an interlocutory judgment and is unappealable. Millet v. Johnson, 352 So.2d 1301 (La.App. 4th Cir.1977).
*778 Therefore, we find the judgment appealed from is a nonappealable interlocutory judgment. Accordingly, the defendant’s appeal is dismissed at defendant’s cost.
APPEAL DISMISSED.