566 So.2d 1106 (1990)
Helen A. FLENIKEN, et al., Plaintiffs, Appellants/Appellees,
v.
Howard F. ALLBRITTON, et al., Defendants, Appellees/Appellants.
No. 21627-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
*1108 Simmons & Derr by Jacque D. Derr, Winnfield, for plaintiffs, appellants/appellees.
McKeithen, Wear, Ryland & Woodard by Cynthia T. Woodard, Columbia, for defendants, appellees/appellants.
Before NORRIS, LINDSAY and HIGHTOWER, JJ.
NORRIS, Judge.
The plaintiffs sued for judgment to declare the undivided ownership interests in certain property. They alleged that their portions of two parcels of land should have been larger, and the defendants' smaller, than recognized in a prior judgment of possession. They also sought a declaration as to a third parcel of land that was allegedly omitted from the judgment of possession, as well as a bank account. The defendants filed peremptory exceptions of res judicata, no cause of action and prescription. The trial court sustained the exception of res judicata with written reasons and dismissed the suit; it overruled the other exceptions.
The plaintiffs have appealed the portion of the judgment that sustained the exception of res judicata. As to property omitted from the judgment of possession, the trial court was wrong to sustain this exception and the judgment will be reversed and rendered. As to property described in the judgment of possession, the trial court was wrong to sustain the exception against plaintiffs Helen Fleniken and Audie Stovall; the judgment will be reversed and rendered as to them but affirmed as to the ancillary succession of J.C. Allbritton. The case is remanded for further proceedings.
The defendants have appealed the portion of the judgment that overruled their exceptions of no cause of action and prescription. They have also refiled these exceptions in this court. We decline to consider the refiled exceptions. We also conclude that the part of the judgment overruling the exceptions is not appealable and the case is not suitable for writ relief. We therefore dismiss the defendants' appeal.

Facts
The decedent, B.F. Allbritton, was married twice. By his first wife, Florence S. Allbritton, he had three children: Helen Fleniken, Audie Stovall and J.C. Allbritton. Florence died intestate; the exact date of her death is not given. After her death, B.F. Allbritton married his second wife, Oma M. Allbritton (now Pendarvis). They had one child, Howard F. Allbritton, in *1109 1940. B.F. Allbritton died intestate on January 11, 1944. At the time, the children of his first marriage were all majors. According to allegations in the instant petition, B.F. Allbritton acquired during his two marriages certain parcels of land in Winn Parish, referred to as Tracts 1, 2 and 3.[1]
Shortly after B.F. Allbritton's death Oma filed a petition for appointment as tutrix of her minor child, together with petitions for inventory and for possession. The petition for possession listed herself (individually and as tutrix of the minor) and the three major children of the first marriage as petitioners; it alleged and verified that they all accepted the succession simply and unconditionally; it finally alleged that the "first community has been completely settled" and that all property then in B.F. Allbritton's name belonged to the second community. All the other documents, including the judgment of possession, listed only Oma Allbritton as petitioner; all affidavits and verified papers bore her signature alone. The judgment of possession was signed and filed the same day as the petition and all other pleadings, January 26, 1944. It recognized Oma Allbritton as the surviving spouse in community and the four children as the sole heirs of the decedent; it placed her in possession of one-half, and each child one-eighth, undivided interest in the estate. The judgment of possession described Tracts 1 and 2 but omitted Tract 3. The children of the first marriage never sought a new trial, appeal or annulment of this judgment.
In 1953 one of the children of the first marriage, J.C. Allbritton, filed in the succession record a "Supplemental and Amending Petition." It alleged that the lands described in the judgment of possession were actually part of B.F. Allbritton's separate estate, having been acquired during his first marriage; after Florence's death, the plaintiffs and their father voluntarily partitioned the property on November 13, 1943. It urged that the judgment of possession, treating the real property as though it belonged to the second community, was wrong. It prayed that the judgment be "amended, corrected and recast" in accordance with the true nature of the property, and that the four children be put into possession of an undivided one-fourth interest in the property described in the judgment of possession. The petition named Oma Allbritton (by then remarried as Pendarvis), individually and tutrix, as defendant; Helen Fleniken and Audie Stovall, the daughters of the first marriage, did not join as petitioners and were not named as defendants. Mrs. Pendarvis urged exceptions of no cause of action, no right of action and res judicata.
Judge Moss, who had also signed the 1944 judgment of possession, filed written reasons for judgment. On the exception of no cause of action, he cited Code of Practice art. 556 (not reproduced in the modern Code of Civil Procedure), under which a definitive judgment could be revised, set aside or reversed only by four methods: new trial, appeal, action for nullity or action for rescission. Citing Lacaze v. Hardee, 7 So.2d 719 (La.App.2d Cir.1941), writ granted on other grounds 199 La. 566, 6 So.2d 663 (1942), the court held that a judgment of possession is a definitive judgment and cannot be modified by other means, such as an amending petition for possession. On the exception of no right of action, the court merely noted that all indispensable parties had not been joined and no effective judgment could be had without them. The court concluded the petition "does not allege a cause or right of action," sustained the exceptions and dismissed J.C. Allbritton's suit by judgment dated June 8, 1954. No further action was taken in the succession proceeding.
In May 1988 all three children of B.F. Allbritton's first marriage (J.C. Allbritton, deceased, appears through his ancillary executrix) filed the instant petition for declaratory judgment. They reiterated some of the allegations from J.C. Allbritton's 1953 amending petition. They asserted, however, that they never divested themselves of their interest in Tract 2, thus making it *1110 an asset of the first community; they mentioned Tract 3 for the first time, urging it had been omitted from the judgment of possession and was indeed an asset of the second community; they also alleged that by agreement of all concerned parties, revenues from Tracts 1 and 2 had been deposited in a bank account in the name of "B.F. Allbritton Estate." They prayed for judgment declaring the undivided ownership interests of Tracts 1 and 2 to be different from that set out in the 1944 judgment of possession; and declaring the ownership of the escrow account and Tract 3.
The defendants, Oma A. Pendarvis and Howard F. Allbritton, filed the peremptory exceptions of res judicata, no cause of action and liberative prescription of 30 years, which form the basis of our discussion.

Res judicata as to the omitted property
According to the instant petition, Tract 3 and a bank account are assets that were omitted from the succession proceeding and have never, until now, been the subject of litigation. Relitigation of a matter is precluded when the second action has the same parties, same cause and same thing demanded as in the first. LSA-R.S. 13:4231; Dornak v. Lafayette Gen'l Hosp., 399 So.2d 168 (La.1981).
The ownership of Tract 3 and the bank account has never been demanded or litigated. They are not subject to res judicata. See Hollier v. Fontenot, 216 So.2d 842 (La.App. 3d Cir.1968), writ denied 253 La. 868, 220 So.2d 456 (1969). The parties are entitled to judgment declaring the proportions of ownership of these assets, and the judgment is reversed in that respect.

Res judicata as to described property
The trial court held the instant suit was barred because the 1954 judgment in J.C. Allbritton's suit had the authority of res judicata. Because of the error noted above, our discussion will apply to Tracts 1 and 2.
The plaintiffs urge that unlike the instant suit, J.C. Allbritton's 1953 action did not include Helen Fleniken or Audie Stovall and thus does not have identity of parties. They further argue the 1954 judgment is not even res judicata as to J.C. Allbritton's heirs because it was, in effect, a dismissal for failure to join an indispensable party and did not reach the merits. Finally they urge the 1944 judgment of possession cannot create res judicata because judgments of possession, especially those rendered ex parte, are not definitive judgments against coheirs.
The defendants urge the 1954 judgment did indeed reach the merits by finding no cause of action. They further urge that jurisprudence holding judgments of possession not definitive applies only to actions by creditors or heirs who did not participate in the succession; every heir, they urge, was involved in B.F. Allbritton's 1944 succession.
Beginning with the 1944 judgment of possession: this was indeed an ex parte judgment. It was signed the same day as the petition for possession and the inventory were filed; it recites that judgment is rendered "on the petition of Mrs. Oma McCarty Allbritton, surviving spouse in community with the heirs" of B.F. Allbritton. The petition for possession listed the children of the first marriage as petitioners, but they did not sign or verify the petition; the only one who seems to have participated in any manner was J.C. Allbritton, and he only as a witness to an appraiser's oath.
According to the jurisprudence, judgments of possession in intestate cases were "not uncommonly rendered ex parte." Succession of Fachan, 179 La. 333, 154 So. 15 (1934). Such judgments, though prima facie valid, were not considered definitive judgments that created res judicata. Succession of Fachan, supra; Janney v. Calmes, 212 La. 756, 33 So.2d 510 (1947). More recent cases hold that a judgment of possession, ex parte or not, is only prima facie evidence of the right of the named heirs to take possession, but is not a basis for res judicata against an unnamed heir or creditor who claims an adverse interest in the estate. Quiett v. Estate of Moore, 378 So.2d 362 (La.1979); Launey v. Barrouse, *1111 509 So.2d 734 (La.App. 3d Cir.1987); see also LSA-C.C.P. art. 3062. The plaintiffs argue they were not even petitioners in the succession proceedings, and from the documents in the record it is doubtful whether they actually participated. Res judicata is stricti juris and should not be applied to bar litigation in dubious cases. McNeal v. State Farm Mut. Auto. Ins. Co., 278 So.2d 108 (La.1973); First Nat'l Bank of Gonzales v. Morton, 544 So.2d 5 (La.App. 1st Cir.1989), writ denied 550 So.2d 654 (La. 1989). The 1944 judgment of possession, standing alone, does not support a plea of res judicata.
In the 1953 suit the defendants urged res judicata but the trial court appropriately did not consider it. The 1954 judgment of dismissal affected only J.C. Allbritton's rights; plainly it cannot be res judicata as to his sisters, who were not parties to that action but are plaintiffs herein. R.S. 13:4231. In this regard the plaintiffs' argument has merit and the instant exception was improperly sustained as to Helen Fleniken and Audie Stovall.
The trial court's reasons for dismissing the suit in 1954 were the exceptions of no right and no cause of action. Admittedly the dismissal should have been with leave to amend and without prejudice. Tennessee Gas Transmission Co. v. Derouen, 239 La. 467, 118 So.2d 889 (La.1960). J.C. Allbritton did not amend his petition and he neither sought a new trial, took an appeal nor sued to annul the judgment. This judgment is final and definitive.
Moreover, there is a strong policy requiring anyone who seeks to litigate an ownership interest in real property to assert every title claim in one action. Ward v. Pennington, 523 So.2d 1286 (La.1988), and citations therein; R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980); Lieber v. Ownership of Real Prop., Caddo Parish, 501 So.2d 957 (La.App. 2d Cir.1987), writ denied 504 So.2d 882 (La.1987). The notion of issue preclusion is unique to actions asserting petitory matters and is an exception to Louisiana's traditionally narrow approach to res judicata.[2]Mitchell v. Bertolla, 340 So.2d 287 (La.1976). Relitigation is barred no matter how the parties may label the second suit: petitory action, suit for declaratory judgment, concursus, or suit or motion to amend a prior judgment. The principle applies to any type of action seeking recognition of ownership in immovables. Tassin v. Sayes, 386 So.2d 995 (La. App. 3d Cir.1980). The "cause" of J.C. Allbritton's 1953 amending petition was to claim a greater undivided ownership interest than the judgment of possession stated. He was bound to assert this cause by any means available. The cause of the instant suit is the same, and though it is phrased in terms of a declaratory judgment his succession may not urge it again. See Ditch v. Finkelstein, 399 So.2d 1216 (La.App. 1st Cir.1981). Under the circumstances the 1954 judgment of dismissal is final and definitive as to the ancillary succession of J.C. Allbritton's claims to Tracts 1 and 2. The trial court did not err in sustaining the exception of res judicata in this regard. However, we reverse the judgment sustaining the exception of res judicata as to Helen Fleniken and Audie Stovall, who were not parties to the 1953 action.

The defendants' appeal
The defendants have appealed the judgment insofar as it overruled their exceptions of no cause of action and liberative prescription. At oral argument, counsel asked for leave of court to refile these exceptions. Counsel's main concern was that this court could not supply the objection of prescription on its own motion. LSA-C.C.P. art. 927.
After consideration, we conclude that this portion of the judgment is interlocutory only and not appealable. Appeal lies only from a final judgment or one causing irreparable harm. LSA-C.C.P. art. 2083. The jurisprudence has long held that a judgment overruling an exception of no cause of action is not a final judgment. Rapides Cent. Ry. Co. v. Missouri Pac. R. *1112 Co., 207 La. 870, 22 So.2d 200 (1945); LaCour v. LaCour, 488 So.2d 777 (La.App. 3d Cir.1986). Likewise, a judgment overruling an exception of prescription is merely interlocutory and not appealable absent irreparable harm. Women's Clinic v. Watson, 550 So.2d 864 (La.App. 2d Cir.1989), and citations therein.
Defendants have stated in brief that to sustain the judgment overruling the exceptions of no cause and prescription would indeed cause them irreparable harm but they have made no special showing. The inconvenience and expense of a trial on the merits necessitated by the court's refusal to sustain a peremptory exception does not constitute irreparable harm within the scope of art. 2083. Rapides Cent. Ry. Co. v. Missouri Pac. R. Co., supra; Women's Clinic v. Watson, supra; Parkerson v. Swaggart, 478 So.2d 922 (La.App. 1st Cir.1985), and citations therein.
Counsel has refiled the exceptions in this court. Even though we granted leave for this purpose, we decline to consider them. A peremptory exception may be filed at any stage of the proceeding before the case has been submitted for decision. LSA-C.C.P. art. 928 B. LSA-C.C.P. art. 2163 further provides:
Art. 2163. Peremptory exception filed in appellate court; remand if prescription pleaded
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception. (emphasis added)
The emphasized language means that the court of appeal may receive peremptory exceptions but should consider only those which the trial court has not been asked to consider. In the instant case the exceptions have not been filed for the first time on appeal; the trial court has considered and rejected them.
The exceptors' remedy for an interlocutory judgment is to seek writs of certiorari with a showing of irreparable injury, which these defendants have not done. The standard of art. 2083 would be undermined, and the objective of avoiding piecemeal litigation subverted, by allowing the exceptors to refile their overruled exception in the court of appeal for decision under the more lenient standard of "just, legal and proper upon the record." LSA-C.C.P. art. 2164. For these reasons we decline to consider the refiled exceptions de novo.
Furthermore, we perceive no palpable error in the trial court's refusal to sustain the exception of no cause of action. Actions to recognize ownership interests in real property are not limited to the four means listed in the former Code of Practice. The preferred means is the petitory action, LSA-C.C.P. arts. 3651-3653, though this may not be available if, as the defendants urge, the plaintiffs cannot allege they are out of possession. The code also provides for declaratory judgments, concursus and expropriation proceedings. LSA-C.C.P. art. 3654. Declaratory judgment is available even if the plaintiff is in possession. Liner v. Terrebonne Parish Sch. Bd., 519 So.2d 777 (La.App. 1st Cir. 1987), writ denied 521 So.2d 1173 (La.1988), cert. denied 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). Heirs may even proceed by injunction, as they did in Quiett v. Estate of Moore, supra. The trial court was not plainly wrong in overruling the exception of no cause of action.
There also appears to be no error in the trial court's refusal to sustain the exception of prescription. The prescriptive period of LSA-C.C. art. 1030, which bars by 30 years the "faculty of accepting or renouncing a succession," is not applicable. In the succession proceedings, Mrs. Pendarvis (individually and as tutrix) acknowledged that she and all the heirs accepted the succession unconditionally; she obtained judgment placing everyone in possession. Under the circumstances, she has *1113 judicially confessed that the plaintiffs accepted the succession unconditionally and she cannot now argue that they failed to do so. LSA-C.C. art. 2291; Succession of Williams, 418 So.2d 1317 (La.1982). The plaintiffs might also be presumed to have accepted. Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437 (1951), fn. 5. This prescriptive period is not available to the defendants.
The other ground urged for prescription is LSA-C.C. art. 3502, which provides:
An action for the recognition of a right of inheritance and recovery of the whole or part of a succession is subject to a liberative prescription of thirty years. This prescription commences to run from the day of the opening of the succession.
It is a settled issue that coheirs or coowners do not as a general rule acquire or lose by prescription against each other. LSA-C.C. arts. 3439, 3478; C.C.P. art. 3659; Lee v. Jones, 224 La. 231, 69 So.2d 26 (1953), and citations therein; Headrick v. Lee, 471 So.2d 904 (La.App. 2d Cir.1985). It would appear from the judgment of possession and from the "agreement" to maintain the disputed revenues in escrow that all the parties have held the succession property as coheirs or coowners in indivision since 1944. If this is so, the prescription of art. 3502 would not accrue in favor of the defendants.
This is not to say, of course, that the defendants cannot prove art. 3502 prescription. Article 3502 must be read in pari materia with LSA-C.C. art. 481, whereby ownership is lost when acquisitive prescription accrues in favor of an adverse possessor. See art. 3502, official revision comment (c); Harang v. Golden Ranch & Drainage Co., 143 La. 982, 79 So. 768 (1918); A.N. Yiannopoulos, Civil Law Property, § 201 (2d ed. 1980). The defendants may be able to prove that they possessed the property adversely to the plaintiffs' rights. Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369 (1950); Headrick v. Lee, supra. There are no such allegations or evidence in the instant record, however, and the reception of evidence will probably be necessary to resolve the issue. There was no apparent error in overruling the exception of prescription prior to trial.

Conclusion
The trial court erred in sustaining the exception of res judicata against all the plaintiffs insofar as it affected Tract 3 and the "B.F. Allbritton Estate" bank account. The trial court also erred in sustaining the exception of res judicata against Helen A. Fleniken and Audie A. Stovall insofar as it affected Tracts 1 and 2. The portion of the judgment dealing with the exception of res judicata is reversed in part, affirmed in part and rendered.
The defendants' appeal is not from a final judgment and it is therefore dismissed. We decline to treat it as a writ application because there is no showing of irreparable harm and the judgment appears free of manifest error. We decline to consider the refiled exceptions.
Judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the peremptory exception of res judicata is overruled as to the real property described as Tract 3 (see appendix) and the bank account under the name of "B.F. Allbritton Estate" at First Federal Savings and Loan Association of Winnfield.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the peremptory exception of res judicata is overruled as to plaintiffs HELEN A. FLENIKEN and AUDIE A. STOVALL, insofar as it affects the real property described as Tracts 1 and 2 (see appendix).
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the peremptory exception of res judicata is sustained as to the ANCILLARY SUCCESSION OF JESSE C. ALLBRITTON, only insofar as it affects the real property described as Tracts 1 and 2 (see appendix).
The judgment is otherwise affirmed and the case remanded for further proceedings consistent with this opinion. Costs are assessed *1114 against the defendants, Oma A. Pendarvis and Howard F. Allbritton.
ON THE FIRST APPEAL: REVERSED IN PART, AFFIRMED IN PART AND RENDERED; CASE REMANDED.
THE SECOND APPEAL IS DISMISSED.
HIGHTOWER, J., concurs and assigns written reasons.
HIGHTOWER, Judge, concurring.
I respectfully concur in the Conclusion stated, and resolution adopted, as to the exception of res judicata. Concerning defendants' appeal from the overruling of the exceptions of no cause of action and prescription, I concur only that, being neither final nor causing irreparable harm, this portion of the judgment is not appealable at this juncture.
NOTES
[1] The legal descriptions of these tracts are attached as an unpublished appendix to this opinion. Each "tract" is actually composed of various parcels of land.
[2] Recent legislation has amended LSA-R.S. 13:4231 and added 13:4232 to expand issue preclusion to all civil matters. LSA-Acts 1990, No. 521, effective January 1, 1991.