|1DOUCET, Chief Judge.
This appeal arises from a summary judgment granted in an action for declaratory judgment concerning the ownership of property.
The following facts are undisputed. In December 1982, Leco-Charise Square Venture (Leco-Charise) filed a condominium dec *404 laration encompassing a piece of property at the corner of Surrey and Michael Allen Streets in Lafayette, Louisiana. In March 1983, an amendment to the condominium declaration was filed which purported to eliminate from the condominium regime a piece of undeveloped property previously included. For purposes of this opinion we will refer to the property purportedly removed from the condominium development as the adjacent property. Condominium units were sold to the various persons, now defendants in the declaratory judgment action. By way of its petition in the suit for declaratory judgment the plaintiff, C & S Properties, Inc., (C & S), alleges that the condominium units still owned by Leco-Charise along with the adjacent property were foreclosed upon. The petition further alleges that C & S bought the remaining units and adjacent property at sheriffs sale. In attempting to sell the adjacent property, thereJ^arose a question about the defendant condominium owners’ property rights, especially as to proposed common elements in the adjacent property.
C & S brought this suit to clear the title and establish its ownership of the adjacent property. The defendants, including the appellant, Deianna Rogers, all filed answers to the suit. C & S filed a motion for summary judgment against Rogers. In support of its motion C & S attached copies of the original condominium documents, the amendment which purported to remove the adjacent property from the condominium development. Also attached were affidavits. The affidavit of D. Rex English stated that he was the attorney/notary who executed the condominium declaration and the amendment thereto, and that it was the intent of the amendment to remove the adjacent property from the condominium development and to limit the term “Common Elements” as used in the condominium documents to completed phases of the development. The affidavit of Dalton P. LeBlanc states that the condominium declaration and the amendment were executed for him by J. Eustis Corrigan, now deceased. The affidavit of Karl Guilbeau stated that he is a shareholder, officer and director of C & S. It further states that the records of the Clerk of Court for Lafayette Parish contain the documents creating the condominium regime and the amendment removing the adjacent property from the regime. The affidavit further states that the defendants purchased their units after the amendment was executed and filed. Finally, the affidavit states that C & S purchased ten units and the adjacent property from the FDIC on June 6, 1989. The affidavit of Elmer L. Hoag tracks that of Karl Guilbeau.
Rogers opposed the motion. In support of her opposition she attached the affidavit of Thomas D. Brumbaugh. Mr. Brumbaugh says that he has been an attorney principally engaged in rendering title opinions for twenty years. He says that he examined Rogers’ title to the condominium she purchased from Leco-Charise. He says that, in his opinion, the amendment to the condominium declaration is invalid because it fails to comply with La.R.S. 9:1122.106. He further states it is his opinion that by the purchase of her condominium unit Rogers acquired a l/27th interest in the adjacent property.
| a After a hearing, the trial court granted the motion for summary judgment and rendered judgment declaring Deianna Marie Rogers has no interest in the adjacent property. Ms. Rogers appeals.
This court in United Companies Financial Corp. v. Austin, 618 So.2d 7, 8 (La.App. 3 Cir.1993) laid out the burden of proof in such cases.
“A person who is in possession of immovable property may institute an action for declaratory judgment for the recognition of his ownership against a person who claims ownership of the same property. LSA-C.C.P. Art. 3654; Fleniken v. All-britton, 566 So.2d 1106 (La.App. 2nd Cir.1990).
In an action for declaratory judgment of the ownership of immovable property, the plaintiff has the same burden of proof as a plaintiff in a petitory action against a defendant who is out of possession: he recovers on proof of a better title. LSA-C.C.P. Art. 3654; Yiannopoulos, ‘2Louisiana Civil Law Treatise — Property’, Sec. 297.”
Therefore, the plaintiff here has the same burden as a plaintiff in a petitory action. *405 La.C.C.P. art 3653 sets forth the burden proof in a petitory action as follows: of
“To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof
When the titles of the parties are traced to a common author, he is presumed to be the previous owner.” (Emphasis added.)
Accordingly, the plaintiff has the burden of showing better title to the property than the defendant, Rogers.
Here, both parties claim, through pleadings and affidavits, to have an ownership interest in the property. C & S has claimed complete ownership of the property and denies that the defendants have any interest. However, neither party has proven any title to the interest claimed. Consequently, neither has proven better title than the other. Summary judgment is to be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue |4as to material fact, and that mover is entitled to judgment as a matter of law.” (Emphasis added.) La.C.C.P. art 966.
Since the plaintiff has not shown better title to the property, it has not carried its burden of proof and is not entitled to judgment as a matter of law. Therefore, the summary judgment is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are to be paid by the plaintiff.
REVERSED AND REMANDED.