STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1386

SUCCESSION OF MRS. AUGUSTA WALMSLEY KING A/K/A MRS.
AUGUSTA WALMSLEY KING BEAUMONT

**Judgment Rendered:** JAN 28 2022

\* \* \* \* \* \*

On appeal from the
Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Docket Number 1427

Honorable Kathryn E. Jones, Judge Presiding

\* \* \* \* \* \*

John Dale Powers
Baton Rouge, LA

Counsel for Plaintiff/Appellant
Katharine King Bingham

Robert T. Talley
Baton Rouge, LA

Counsel for Defendant/Appellee
Clayton M. Perkins, Jr.

\* \* \* \* \* \*

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Chutz, J. Concurs in the result reached.

**GUIDRY, J.**

In this appeal, the plaintiff challenges a judgment of the trial court that sustained the defendant's peremptory exceptions raising the objections of prescription and no cause of action. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

This matter concerns the possession and ownership of certain movables. On September 9, 2019, plaintiff, Katharine King Bingham filed a "MOTION TO ENFORCE DISTRIBUTION OF A FORCED SETTLEMENT AND FOR PRODUCTION OF PROPERTY TO HEIRS and/or LEGATEE," seeking to be placed into physical possession of certain movables from her mother's succession. Thereafter, On May 18, 2020, Ms. Bingham filed a supplemental and amending petition wherein she converted her summary proceeding to a suit by ordinary procedure.[1] Thereafter, on October 23, 2020, Clayton Perkins, Jr., defendant,[2] filed an exception raising the objection of prescription, along with exceptions raising the objections of no right of action and no cause of action. Mr. Perkins urged the objection of prescription based upon the accrual of prescription of 3, 5, 10, and 30 years.

A hearing on the peremptory exceptions was set for February 10, 2021. Both parties, however, elected to forego the hearing and submit the matter on the pleadings. The trial court sustained the exception of prescription "of 30 years under Louisiana Civil Code article 3502" and also sustained the exception of no cause of action.[3] The judgment was signed on June 28, 2021. Ms. Bingham now

---

[1] Because the appeal concerns peremptory exceptions, a petition is necessary for the exceptions to be procedurally proper. See Dougherty v. Dougherty, 21-0433 (La. App. 1st Cir. 3/29/22), ___So. 3d ___, 2022WL909236, *4.

[2] Mr. Perkins was the husband of Ms. Bingham's deceased sister, Carolyn King Perkins.

[3] All other exceptions filed by Mr. Perkins were denied.

2

appeals, asserting as error that the district court erred in granting the exceptions.[4]

## DISCUSSION

We first address the plaintiff's assignment of error that the trial court erred in sustaining the exception raising the objection of no cause of action. A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. Ramey v. DeCaire, 03-1299, p. 7 (La. 3/19/04), 869 So. 2d 114, 118. The burden of establishing that the petition fails to state a cause of action is on the mover. MAW Enterprises, L.L.C. v. City of Marksville, 14-0090, p. 6 (La. 9/3/14), 149 So. 3d 210, 215. Generally, no evidence may be introduced to support or controvert the exception of no cause of action. See La. C.C.P. art. 931. All facts pled in the petition must be accepted as true, and any doubts are resolved in favor of the sufficiency of the petition to state a cause of action. Truitt v. West Feliciana Parish Government, 19-0808, pp. 3-4 (La. App. 1st Cir. 2/21/20), 299 So. 3d 100, 103.

The only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Truitt, 19-0808 at p. 4, 299 So. 3d at 103. If the petition alleges sufficient facts to establish a case cognizable in law, the exception raising the objection of no cause of action must fail. In addition, when a petition states a cause of action as to any ground or portion of a demand, the exception should be overruled. Truitt, 19-0808 at p. 4, 299 So. 3d at 103. Appellate courts review a judgment sustaining a peremptory exception raising the objection of no cause of action de novo. Ramey, 03-1299 at pp. 7-8, 869 So. 2d at 119.

In the instant matter, the plaintiff alleges that she and her siblings, as heirs to property, signed a stipulated judgment. A judgment of possession rendered in the

---

[4] While Mr. Perkins attempted to raise his own assignments of error in his brief, those assignments were not considered as Mr. Perkins did not file an answer to the appeal.

3

succession was then signed by the court on November 9, 1990. The plaintiff alleges that despite the judgment of possession, certain movable property was not delivered to her.[5] Considering the plaintiff's petition, we cannot say it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle her to relief. Rather, based on our review, the plaintiff has stated a claim for which she can receive a legal remedy under the law.[6] Accepting the allegations in the petition as true,[7] we thus conclude the petition states a cause of action. Therefore, we find the trial court erred in sustaining the peremptory exception raising the objection of no cause of action.

As it concerns the objection of prescription, the trial court determined that La. C.C. art. 3502 was applicable to the facts of the case, and that the plaintiff's claims were prescribed after 30 years. The plaintiff, however, disputes the applicability of Article 3502 to her case, and we are inclined to agree. Under La. C.C. art. 3502, "[a]n action for the recognition of a right of inheritance and recovery of the whole or part of a succession is subject to a liberative prescription of thirty years."

Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. Ordinarily, the party pleading the exception

---

[5] The petition specifically lists property the plaintiff claims has not been provided to her. The plaintiff prayed that she be placed in possession of all property "bequeathed" to her.

[6] In support of her cause of action, the plaintiff, Ms. Bingham, in her brief to this court, relies on the sworn affidavit of Mr. Perkins, which we have not considered in making our determination. As stated in Woodland Ridge Association v. Cangelosi, 94-2604, p. 3 (La. App. 1st Cir. 10/6/95), 671 So. 2d 508, 510, no evidence may be introduced to support or controvert the exception, unless evidence is admitted without objection to enlarge the pleadings. In addition, we note that no evidence was introduced at the hearing on the exception. Unless properly offered and introduced into evidence, documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Atain Speciality Insurance Company v. Premier Performance Marine, LLC, 15-1128, p. 6 (La. App. 1st Cir. 4/8/16), 193 So. 3d 187, 190.

[7] Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity to present evidence at trial. CLB61, Inc. v. Home Oil Company, LLC, 17-0557, p. 4 (La. App. 1st Cir. 11/1/17), 233 So. 3d 656, 660.

of prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. Hogg v. Chevron USA, Inc., 09-2632, p. 7 (La. 7/6/10), 45 So. 3d 991, 998. When, as in this case, no evidence is introduced at the hearing to support or controvert the exception of prescription, the exception must be decided upon facts alleged in the petition with all allegations accepted as true. Harris v. Breaud, 17-0421, pp. 8-9 (La. App. 1st Cir. 2/27/18), 243 So. 3d 572, 578. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Harris, 17-0421 at p. 9, 243 So. 3d at 578-579.

In addition, as found in Eastern Solutions, Inc. v. Al-Fouzan, 12-464, p. 4 (La. App. 3d Cir. 11/7/12), 103 So. 3d 1190, 1193, writ denied, 12-2623 (La. 1/25/13), 105 So. 3d 721, the character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. We further note that the ownership of a thing and the possession of a thing are distinct. La. C.C. art. 481. Ownership exists independently of any exercise of it and may not be lost by nonuse. Ownership is lost when acquisitive prescription accrues in favor of an adverse possessor. La. C.C. art. 481. Louisiana Civil Code article 3502 must be read in pari materia with Article 481. Fleniken v. Albritton, 566 So. 2d 1106, 1113 (La. App. 2d Cir. 1990).

In this matter, by a judgment of possession,[8] the plaintiff, Ms. Bingham, asserts herself as the owner of certain movable property and seeks to recover that property. Specifically, the petition in this matter alleges, in relevant part:

Ms. King passed away on January 6, 1988.

---

[8] A judgment of possession is prima facie evidence of the right of the heirs in whose favor it was rendered to take possession of the decedent's estate. Guidry v. Dufrene, 96-0194, p. 4 (La. App. 1st Cir. 11/8/96), 687 So. 2d 1044, 1046.

...

According to the Affidavit of Death, Domicile and Heirship, she had four (4) children, namely, Frederick Jenks King, Jr., the mover, Carolyn King Perkins, Katharine King Bingham and Thomas Semmes Walmsley King.

...

On June 29, 1990, the heirs signed a Stipulated Judgment. Based on that Stipulated Judgment, a Judgment of Possession discharging Carolyn King Perkins as administratrix was signed by this Honorable court on November 9, 1990.

...

[M]over shows that despite the orders of the court that she has not been provided with the property described in Part B of the Judgment of Possession ... .

...

The Mover desires that the Judgment of Possession be in force and that the settlement of the estate occur pursuant to the Judgment of Possession and Louisiana Law.[9]

The allegations of the petition in this matter show that a succession was opened more than 30 years ago. However, with claims therein of ownership and entitlement to recovery of property already owned by virtue of a judgment, the prescription of Article 3502 would not accrue in favor of the defendant in this matter. See generally In re Succession of Helms, 15-0851 (La. App. 1st Cir. 12/23/15), 2015WL9436168, *8-9 (by a judgment of possession, the parties were co-owners of succession property and the prescription of La. C.C. art. 3502 did not accrue in favor of either party). Further, with no indication in the petition of when another began to possess the property adversely to the rights of the plaintiff, the subject claims are not prescribed on the face of the petition. See generally Fleniken, 566 So. 2d at 1113 (co-owners may show they possessed the property adversely to prove prescription).

Consequently, because the plaintiff's claims were not prescribed on the face of the petition, the defendant, as the exceptor, had the burden of proving the facts

---

[9] While the petition states that a judgment of possession is attached to it, the petition in the record does not have an attachment (although the record contains the judgment of possession).

6

to support his exception. However, without evidence in support of the exception,[10] the defendant failed to carry his burden of proof. We therefore conclude the trial court legally erred in sustaining the exception raising the objection of prescription and dismissing the plaintiff's claims with prejudice.

## CONCLUSION

For the above and foregoing reasons, the trial court's June 28, 2021 judgment sustaining the peremptory exceptions raising the objections of prescription and no cause of action is reversed. This matter is remanded for further proceedings. All costs of this appeal are assessed to the defendant/appellee, Clayton M. Perkins, Jr.

**REVERSED AND REMANDED.**

---

[10] No evidence was introduced at the hearing on the exception.